## Commonwealth *v.* Armstead, Appellant.

Argued May 1, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

50

*Steven G. Farber,* Assistant Defender, with him *Anne Johnson, Andrea Levin,* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Judith Dean,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 23, 1973:

Appellant, Christopher Armstead, was charged with the unlawful possession of a firearm. He was tried by a judge without a jury and found guilty of the charge. Post-trial motions were argued and denied, and appellant was sentenced to pay a fine of $100 and the cost of prosecution. The Superior Court affirmed the judgment of sentence in a per curiam order. We granted allocatur.

The sole issue raised by this appeal is whether the evidence was sufficient to sustain a verdict. The facts of this case are as follows:

Philadelphia police officers, on the basis of information received by them, stopped an automobile in which appellant was a passenger and requested that both the driver, Thomas McIntyre, and appellant get out of the car. The original arresting officers did not observe any weapon. However, while appellant was on the sidewalk, next to the car, another police vehicle arrived on the scene. One door of the car was open and the interior lights were on, enabling the police in the second vehicle to observe a .38 caliber automatic pistol lying in the middle of the front seat. The defense counsel and the district attorney entered into a stipulation that if one Liz Rivers were to be called to testify, she would have testified that it was she who had originally notified the police on the day of the incident that her husband, Russell Rivers, had a gun on his person and was driving a car with the license number of the car in which appellant was a passenger. She would have further testified that after the arrest, she went to the police station and informed the police that the gun belonged to her husband and not to appellant. Russell Rivers was not in the car at the time of the arrest.

Appellant contends that there was insufficient evidence of possession. In *Commonwealth v. Townsend*, 428 Pa. 281, 237 A. 2d 192 (1968), we held that mere presence in an automobile in which a weapon is found is not sufficient to prove that a defendant-passenger is in possession of the weapon. In order to show joint possession, the Commonwealth must show that the defendant has ". . . the power of control over the weapon and the intention to exercise this control." 428 Pa. at 284. Cf. *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A. 2d 476 (1971).

The Commonwealth had no direct proof that appellant knew of the presence of the weapon, which would be required to prove that he had the necessary intention to exercise control. Instead, relying on the testimony that the original arresting officers failed to observe the weapon when they initially stopped the automobile, the Commonwealth sought to prove by inference that the weapon must have been on the front seat, next to appellant, during the time when he was a passenger and that he would, therefore, have known of its presence. An equally logical argument can be made that the weapon was on the person of the driver during the time appellant was a passenger, and that the driver discarded the weapon as he got out of the car.[1] The fact of the presence of the gun on the front seat during the time when appellant was a passenger is not more likely to flow from the fact that the gun was on the front seat when McIntyre and appellant alighted from the car, than is the fact of its absence. The Commonwealth has not proved that appellant knew of the presence of the gun. See *Commonwealth v. Owens*, 441 Pa. 318, 271 A. 2d 230 (1970), and *Commonwealth v. Clinton*, 391 Pa. 212, 137 A. 2d 463 (1958).

Order of the Superior Court reversed, judgment of sentence of the Court of Common Pleas, Criminal Trial Division, of Philadelphia County reversed and appellant discharged.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

---

[1] When this appeal was before the Superior Court, the Commonwealth had doubts with regard to the sufficiency of the evidence to show that the gun was on the front seat of the car between the driver and defendant at the time the car was stopped. Accordingly, the District Attorney's office filed with counsel for appellant a joint petition for remission of the record, which requested that the record be remanded to the trial court for reconsideration. This petition was denied in a per curiam order and thereafter the Superior Court affirmed the judgment below.