Commonwealth, Appellant, *v.* Gladden.

14

Argued September 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*David Richman,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Melvin J. Greenberg,* for appellee.

OPINION BY JACOBS, J., November 16, 1973:

This is an appeal by the Commonwealth from the sustaining of a demurrer to its evidence in a nonjury case in which the defendant-appellee was accused of unlawfully carrying a firearm without a license in a

vehicle[1] and of feloniously possessing the narcotic drug heroin.[2]

"The standard to be applied in ruling upon a demurrer is whether the evidence is sufficient to warrant the jury in finding the defendant guilty beyond a reasonable doubt." *Commonwealth v. Henderson,* 451 Pa. 452, 454, 304 A.2d 154, 156 (1973). Inferences reasonably drawn from the evidence of record which would support a guilty verdict are to be given effect. *Commonwealth v. Collins,* 436 Pa. 114, 259 A.2d 160 (1969); *Commonwealth v. Dennis,* 211 Pa. Superior Ct. 37, 234 A.2d 53 (1967). And "the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Zeringo,* 214 Pa. Superior Ct. 300, 302, 257 A.2d 692, 693 (1969); see *Commonwealth v. Bey,* 221 Pa. Superior Ct. 405, 292 A.2d 519 (1972).

The evidence supporting the prosecution consisted of a ballistics report, a drug analysis, and testimony of a Philadelphia highway patrolman who arrested appellee.[3] The officer testified that on February 26, 1971, at approximately 9:15 p.m., he had stopped a car in Philadelphia which appellee, accompanied by a male passenger, was driving.[4] He stated that upon request appellee alighted from the vehicle and produced his driver's license and car registration card, and that the passenger

---

[1] See Uniform Firearms Act, Act of June 24, 1939, P. L. 872, §628(e), *as amended,* Act of August 13, 1963, P. L. 660, §1, *repealed,* Act of December 6, 1972, P. L. 1482, No. 334, §5. The section appeared at 18 P.S. §4628(e). For the present statute, see §6106 of the Crimes Code, Act of December 6, 1972, P. L. 1482, No. 334, §1, 18 Pa. C.S. §6106.

[2] See The Drug, Device and Cosmetic Act, Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q), *repealed,* Act of April 14, 1972, P. L. 233, No. 64, §43, 35 P.S. §780-143 (Supp. 1973-74).

[3] The record indicates that the appellee's attorney stipulated at trial as to the accuracy of the report and analysis.

[4] An obstructed license plate on the vehicle occasioned the stop, according to the officer's testimony.

also alighted. The officer testified that he observed an open bag containing "quite a bit" of loose paper money, found to total $629, on the front seat's center armrest; according to his testimony, he opened the car door and noticed at that time the handle of a revolver protruding from under the front passenger's seat. In retrieving the weapon, the officer testified, he discovered alongside its barrel a bag containing 75 glazed paper packets of white powder. The car, he said, belonged to appellee.

To this evidence, with respect to both the firearm offense and the narcotic offense, a demurrer was sustained on behalf of appellee. It was the lower court's view that a necessary element of possession—intent to control—had not been shown, the evidence being insufficient as to appellee's knowledge of the presence of the items in question.

"Possession involves the power of control and intent to control . . ." *Commonwealth v. Yaple*, 217 Pa. Superior Ct. 232, 239, 273 A.2d 346, 350, *allocatur refused*, 217 Pa. Superior Ct. l (1970). And we agree with the lower court that an awareness of the presence of the items which appellee was accused of having was an essential element of his supposed intent to control.[5] "But this knowledge need not be proven by his admission of such knowledge, or by testimony of his associates that he saw these articles. The defendant's knowledge of

---

[5] *Commonwealth v. Whitman*, 199 Pa. Superior Ct. 631, 186 A.2d 632 (1962), *allocatur refused*, 200 Pa. Superior Ct. *xxxii* (1963) (knowledge by car occupant of weapons and burglary tools contained in vehicle said to be requisite for conviction under §628 of Uniform Firearms Act and under act relating to possession of burglary tools) ; *Commonwealth v. Dasch*, 218 Pa. Superior Ct. 43, 269 A.2d 359 (1970) (proof of knowledge by car driver of presence of marijuana particles in vehicle held to be requisite for conviction under §4(q) of The Drug, Device and Cosmetic Act) ; *see Commonwealth v. Simpson*, 222 Pa. Superior Ct. 296, 294 A.2d 805 (1972) (voluntary intendment of possessory act said to be requisite for conviction under §4(q) of The Drug, Device and Cosmetic Act).

the presence of these articles may be *inferred* from all the surrounding circumstances." *Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 634, 186 A.2d 632, 633 (1962), *allocatur refused,* 200 Pa. Superior Ct. *xxxii* (1963).

"Inference is a process of reasoning by which a fact or proposition sought to be established . . . is deduced as a logical consequence from other facts, or a state of facts, already proved or admitted." *Id.*[6] The following facts must be considered proved or admitted: that the appellee owned the vehicle in which the items relating to his prosecution were secreted; that he was in control of the vehicle when they were found; that he was accompanied by a single passenger; that over $600 in loose paper money lay in an open bag in plain view between the driver's and passenger's seats; that a quantity of heroin in 75 saleable packets was concealed in a bag under the right front seat; that the vehicle was being driven in a heavily populated city after dark; and that the handle of a revolver protruding from under the right front seat was visible to a police officer, under the conditions above related.

The fact that the appellee was the owner and driver of the vehicle was rather strong evidence that he was aware of its contents; the fact that over $600 in loose paper money in an open bag, a gun, and 75 packets of heroin in saleable form were at the same moment contained on and about the front seat of an automobile, being driven in a populated city after dark, was at least some evidence that the heroin was being used as the subject of illegal merchandising; the fact that the money was next to the appellee in plain view was substantial evidence that he was aware of its presence and was also evidence of a joint involvement between driver

---

[6] *See Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727, *cert. denied,* 409 U.S. 867 (1972) (inference and rebuttable presumption compared).

and passenger concerning it; the fact that large, visible sums of money, being carried in public, demand protection was some evidence of appellee's awareness of the revolver. Individually, the circumstances may not be of decisive import. But in combination, we believe, they would justify a deduction by a trier of facts that the appellee was aware of the items in question.

The cases of *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968), and *Commonwealth v. Dasch*, 218 Pa. Superior Ct. 43, 269 A.2d 359 (1970), cited by the lower court in its opinion, are not dispositive of the present case. Nor is the decision in *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973). In *Townsend*, the Court held that a passenger's mere presence in an automobile in which firearms were found was insufficient to sustain a finding of guilt as to possession of a firearm by the passenger; in *Dasch*, it was held that the existence of a small amount of marijuana in crevices of the front seats and on the rear floor of a secondhand car would not be sufficient to prove possession by the operator-son of the vehicle's owner; and in *Armstead*, the Court held that the presence of a pistol on the center area of the front seat of a car from which the driver and the accused had alighted would not be sufficient to show knowledge of the weapon by the accused, it being as logical to conclude that the driver had placed it there when they alighted as that it had rested in the accused's view. In none of these cases was the accused found to be the owner of the vehicle containing the items allegedly possessed; in none of them was there any indication of joint criminal activity involving the accused.

With regard to such activity, the case of *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727, *cert. denied*, 409 U.S. 867 (1972), is instructive. In *Shaffer*, a car appearing to contain only the driver was stopped by a policeman. As he approached the vehicle, he became

aware that it contained three passengers in addition to its operator. The driver alighted from the vehicle at the officer's request and produced an operator's license card which had been issued to one of the passengers. A person in the vehicle then threw a sock containing jewelry from the car; stolen jewelry and a knife were found secreted in the vehicle. The Court, declaring that the circumstances justified a finding that the occupants of the vehicle were acting in concert in the matter, held that the evidence was adequate to warrant the conclusion that the driver exercised a conscious dominion or control over the stolen jewelry. *See also Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 186 A.2d 632 (1962), *allocatur refused,* 200 Pa. Superior Ct. *xxxii* (1963).

We believe that the evidence in the present case, read in the light most favorable to the Commonwealth, with its reasonable inferences being given effect, would warrant a conclusion that the appellee knew of the presence of the items relating to his prosecution, intended to control them, and had the power to do so. By this holding, we intend no intimation of any opinion as to the proper resolution of the case by the trier of facts.

Order reversed with a procedendo.