**Commonwealth v. Taylor**

*William Bolla*, Assistant District Attorney, for Commonwealth.

*John Thome*, for defendant.

GARB, *J.*, September 27, 1974.—Defendant was indicted in a two-count bill of indictment charging him with receiving stolen goods and operating a motor vehicle without the consent of the owner. In a trial without a jury before the undersigned, a demurrer was sustained to the charge of operating without the consent of the owner and defendant was found guilty of receiving stolen goods. He has filed post-trial motions as in the nature of motions for a new trial and in arrest of judgment which have been argued before the court en banc and are decided herein. We determine that the motion in arrest of judgment must be granted.

We are satisfied that the evidence presented in this case was insufficient to support the verdict of the court. The test of the sufficiency of the evidence, irrespective of whether it is direct or circumstantial, or both, is whether accepting as true all the evidence and all reasonable inferences therefrom upon which, if believed, the finder of fact could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crime of which he has been convicted: Commonwealth v. Rife, 454 Pa. 506, 312 A. 2d 406 (1973); Commonwealth v. Clark, 454 Pa. 329, 311 A. 2d 910 (1973); Commonwealth v. Bayard, 453 Pa. 506, 309 A. 2d 579 (1973). The foregoing standard applies even in a trial without a jury: Commonwealth v. Moore, 226 Pa. Superior Ct. 32, 311 A. 2d 704 (1973); Common-

wealth v. Stanley, 453 Pa. 467, 309 A. 2d 408 (1973); Commonwealth v. Williams, 450 Pa. 158, 299 A. 2d 643 (1973). In this regard, we believe that we erred in not granting defendant's demurrer at the close of the Commonwealth's case. A demurrer must be sustained if the evidence of record and inferences reasonably deducible therefrom do not support a verdict of guilty beyond a reasonable doubt: Commonwealth v. Collins, 436 Pa. 114, 259 A. 2d 160 (1969). A demurrer should be granted where appropriate, even in a trial without a jury: Commonwealth v. Henderson, 451 Pa. 452, 304 A. 2d 154 (1973), and Commonwealth v. Pope, 225 Pa. Superior Ct. 252, 311 A. 2d 147 (1973). Although a judgment cannot be arrested on a diminished record (Commonwealth v. Jackson, 223 Pa. Superior Ct. 497, 302 A. 2d 420 (1973)) even though defendant did testify in his own behalf, offering no other evidence, it is clear that his testimony was entirely exculpatory and added nothing to the Commonwealth's case in support of his guilt. Therefore, the question before us at the time of demurrer was exactly the same as it is now on this motion in arrest of judgment.

The Commonwealth proved through the testimony of one Raymond Seas, who resides in Woodbury, New Jersey, that on the late evening of January 7 or on the early morning of January 8, 1973, his 1966, white Pontiac four-door sedan automobile was stolen from his residence. Sergeant John Tortu of the Bristol Borough Police Department testified that at approximately one a.m. on January 10, 1973, he observed the foregoing automobile parked on Farragut Avenue in the Borough of Bristol, Bucks County, Pa. When he initially saw the automobile, he parked next to it and, looking over from his patrol car observed no one inside. He then parked next to the curb facing the automobile and as he did so he saw one head appear in

the front seat, saw both front doors open and saw two Black males flee north on Cleveland Street. He pursued one of the two and apprehended him approximately one and one half blocks from the car. That person was defendant. Tortu did not know from which side of the automobile defendant had exited. After arresting defendant, Tortu examined the automobile and found that the registration number of it coincided with the one Raymond Seas had reported stolen and that there were ignition wires hanging down under the dashboard. The other man was not apprehended.

Defendant testified that he resided in Camden, New Jersey. He further testified that on the evening of January 9, 1973, a man whom he identified as William Jones picked him up while driving the automobile in question. The defendant had asked Jones to give him a ride to Morrisville, Pa., and they proceeded from Camden to Philadelphia and then back to Camden before starting on their trip to Morrisville. Defendant testified that they were proceeding north from Camden on route 130 in New Jersey when he fell asleep and lay down on the front seat. He testified that the next thing he knew was when Jones awakened him and told him that he had better run. He testified that thereupon he opened the door and fled the vehicle as a result of which he was apprehended by Tortu.

In a charge of receiving stolen goods, the Commonwealth has the burden of proving three distinct elements of the crime: (a) that the goods were stolen; (b) that defendant received such goods; and (c) that he received them knowing or having reasonable cause to know they were stolen: Commonwealth v. Davis, 444 Pa. 11, 280 A. 2d 119 (1971). We are satisfied that the Commonwealth has proven the first element of the offense, to wit, that the goods were stolen. However, we are not satisfied that the Commonwealth has

established beyond a reasonable doubt that defendant received such goods and therefore do not reach the third element of the offense.

The word "possession" has a common meaning which is generally understood. Possession involves the power of control and the intent to control the item allegedly possessed. The duration of the possession is immaterial in the eyes of the law: Commonwealth v. Yaple, 217 Pa. Superior Ct. 232, 273 A. 2d 346 (1970); Commonwealth v. Gladden, 226 Pa. Superior Ct. 13, 311 A. 2d 711 (1973), and Commonwealth v. Stephany, 228 Pa. Superior Ct. 184, 323 A. 2d 368 (1974). Although joint possession may be shown, in order to make such a finding the Commonwealth must show that defendant has the power of control and the intention to exercise control over the item allegedly possessed: Commonwealth v. Armstead, 452 Pa. 49, 305 A. 2d 1 (1973). The most the Commonwealth was able to prove in this case was that defendant was actually inside this stolen vehicle. Without a showing that he was even in the driver's seat or in some other way exercising dominion or control over the vehicle, we are satisfied that the Commonwealth has fallen short in its proof.

True enough, flight may constitute consciousness of guilt and may form the basis, in connection with other proof, from which guilt may be inferred: Commonwealth v. Faulcon, 450 Pa. 414, 301 A. 2d 375 (1973); Commonwealth v. Hoss, 445 Pa. 98, 283 A. 2d 58 (1971); Commonwealth v. Osborne, 433 Pa. 297, 249 A. 2d 330 (1969). However, flight standing alone is not sufficient to form probable cause for an arrest: Commonwealth v. Pegram, 450 Pa. 590, 301 A. 2d 695 (1973), and therefore, a fortiori, is insufficient to prove guilt beyond a reasonable doubt. We are satisfied that flight and nothing more was shown in order to prove the defendant possessed the motor vehicle in

question. Therefore we are satisfied that the demurrer should have been sustained and that the evidence is insufficient to sustain a conviction. Therefore, the motion in arrest of judgment must be granted. Accordingly we hereby enter the following

## ORDER

And now, September 27, 1974, it is hereby ordered, directed and decreed that defendant's motion is hereby granted and defendant is discharged.