Commonwealth, Appellant, *v.* Kelly.

Commonwealth, Appellant, *v.* Wilde.

Submitted April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis R. Paulick* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *Ralph J. Cappy,* Public Defender, for appellees.

OPINION BY PRICE, J., December 1, 1975:

This appeal by the Commonwealth questions the propriety of the lower court's action in granting demurrers to the charges of armed robbery[1] filed against both appellees, co-defendants below.[2]

The standard in ruling on a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty. *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969); *Commonwealth v. Gladden*, 226 Pa. Superior Ct. 13, 311 A.2d 711 (1973); *Commonwealth v. Green*, 210 Pa. Superior Ct. 482, 233 A.2d 921 (1967). The trial court should not weigh the evidence, but should apply the law to that evidence and determine whether it is sufficient to sustain a verdict of guilty.

The evidence introduced at trial consisted of the testimony of the victim, Samuel Wasser, and that of the arresting officer, Dennis Horgan. Mr. Wasser stated that two men entered his pharmacy at approximately 5:45 p.m. on February 27, 1973. One man, later identified as appellee Wilde, sat at the counter drinking a milk shake. The other went to the back counter where prescriptions are filled. Mr. Wasser stated that he was wrapping a package for delivery as the second man approached. When he looked up, he saw that the man was wearing a ski mask and holding a brown hand gun,[3] pointed at the

1. Act of June 24, 1939, P.L. 872, §705 (18 P.S. §4705).

2. Trial on the remaining charges filed against the appellees was suspended, pending the outcome of this appeal. The Commonwealth requested this procedure based upon *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973). The Commonwealth contends that should appellees be acquitted of the other charges, it would lose its right to appeal the demurrer because a re-trial on the charge of armed robbery would constitute double jeopardy. The defense objected to this procedure. We need not pass upon the merits of the "suspended trial" procedure at this time.

3. The gun was identified at trial by Mr. Wasser, who collects guns, as that used in the robbery.

victim's face, and heard him say, "Keep your hands on the counter. Don't move. If you want to live, I want all your class A narcotics." (NT 12) In the meantime, Wilde had left the store and started the motor of an awaiting car.[4]

The pharmacist gave the man all the requested drugs. He was then told to lie on the floor. He heard the robber trying to open the cash register, and then heard him leave the store.[5] Mr. Wasser immediately called the police and described the two men.

Officer Horgan testified that he and his partner received the description over police radio. He stated that the broadcast indicated two white males had robbed the Bryant Street drugstore. One was approximately six feet tall, weighing one hundred sixty pounds, and wearing a green army fatigue jacket. The other was about five feet ten inches tall and one hundred fifty pounds in weight. This man was also described as having brown, wavy hair.

At the time he received the description, Officer Horgan was eight to ten blocks from the scene of the crime. He and his partner noticed a car coming toward them, containing two white males, who fit the general description. They turned to follow the car, but as they approached, the suspects, later identified as Kelly and Wilde, "took off at a high rate of speed." (NT 95) The policemen pursued the vehicle for four blocks, until it was trapped in a dead end street. Kelly ran through the woods but was chased and captured by the second officer. Wilde, the driver, was arrested by Officer Horgan. The officers located the stolen drugs and the weapon carried by the man who held up

---

4. That Wilde started the car after he left the store was established by hearsay which was not objected to nor excluded from the record.

5. No money was taken. Because the robber did not know the combination needed to open the register, he was unsuccessful in his efforts to obtain cash.

the pharmacy inside the car. Outside the car, they found a ski mask, saturated with oil.

Within 15-30 minutes after the robbery, the suspects were apprehended and taken back to the pharmacy. There, Mr. Wasser identified them as the men who had robbed his store.

The in-court identification made by Mr. Wasser of Kelly was stricken from the record, and so may not be considered by this court for purposes of the validity of the demurrer. The identification of Wilde was not stricken, however, as it was based upon independent recollection. *See* NT 43. Therefore, it may be considered in ruling on the demurrer. *Cf., Commonwealth v. Terenda,* 433 Pa. 519, 252 A.2d 635 (1969).

The facts and circumstances of this case are sufficient to support a finding of guilty on charges of armed robbery against both appellees. Wilde was identified as the man who left the pharmacy during the robbery to start the get-away car, who drove the car, and who was arrested as the driver of the get-away car which contained the stolen narcotics and the hand gun used in the robbery. He was identified within 30 minutes after the crime by the victim. Although the in-court identification of Kelly as the man who robbed the pharmacy at gun-point cannot be considered on this appeal, circumstantial evidence is sufficient to support a finding that he was, in fact, the robber. He was the passenger in a car used by the robber and an accomplice to leave the scene of a robbery. Within minutes after the crime, the police chased the car. The driver of the car attempted to elude the police, and when his efforts were thwarted by a dead end street, Kelly, the passenger, ran through the woods. He was apprehended about a block from the car by a pursuing policeman. The car in which he was a passenger contained the stolen drugs and the gun used in the robbery. Outside the car, on the passenger's side, a ski mask was located.

We believe that this evidence and the reasonable inferences drawn therefrom, read in a light most favorable to the Commonwealth, would sustain a verdict of guilty against both appellees of the armed robbery of the Bryant Street Pharmacy. *Cf., Commonwealth v. Gladden,* 226 Pa. Superior Ct. 13, 311 A.2d 711 (1973). By this holding, we are not passing upon the ultimate resolution of this case by the trier of fact.

It is our conclusion that the lower court erred in granting appellees' demurrers and the orders of the lower court are accordingly reversed and a new trial ordered.