393 A.2d 789

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Richard CROWLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided Oct. 20, 1978.

206

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant, an inmate at the State Correctional Institution at Graterford, was convicted by a judge sitting without a jury of having an implement for escape in violation of the Act of Dec. 10, 1974, P.L. 910, No. 300, 18 Pa.C.S. 5122(a)(3). On this appeal he contends that the evidence was insufficient to sustain the conviction, and that his trial counsel was ineffective for failing to pursue a claim under Pa.R.Crim.P. 1100.

–1–

The Commonwealth's evidence was to the following effect. On July 8, 1976, Sergeant Brennan was patroling C-block at Graterford, when he observed appellant engaged in a discussion with a prison guard in front of appellant's cell, Cell No. 233. Appellant was taken to another cell, and Cell No. 233 was searched. A black iron pipe, a file, and a piece of cell bar were found on the floor behind the bed. N.T. 13–15. After the search, Security Captain Spaid observed that all the upper flat bars had been removed from the cell; it was his opinion that the piece of bar found on the floor of the cell was one of the bars that had been removed. N.T. 50–51. Appellant was the sole occupant of the cell, and had been since April 28; appellant was out of the cell from May 20 to 27, but it was double-locked during that time. N.T. 20–22, 42–43. The windows of the cells were checked weekly, and before a new inmate was put in a cell, the cell was searched. N.T. 31.

The defense presented two witnesses, who were inmates at Graterford. They testified that inmates were always entering each other's cells, and in fact complained that items were always being stolen from the cells on C-block. N.T. 69, 81. (The sergeant's testimony confirmed that during the day the cells were open and inmates could enter other cells. N.T. 23–24.) One of the inmates also testified that he was the occupant of Cell No. 233 before appellant, and that he observed then that cell bars were missing from the windows of the cell. N.T. 66.

Appellant contends that since the implements for escape—the pipe, file, and piece of cell bar—were not found on his person, the Commonwealth had to prove his constructive possession of them. If this were so, a question would indeed be presented whether the evidence was sufficient to show constructive possession. In *Commonwealth v. De Campli*, 243 Pa.Super. 69, 74, 364 A.2d 454, 456–57 (1976), we said, in examining a charge of constructive possession of drugs:

Our courts have repeatedly held that the illegal possession of drugs is a crime which is unique to the individual and which, by definition, can only be committed by the possessor. Guilt by association is unacceptable. *Commonwealth v. Fortune,* supra; *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A.2d 476 (1971); *Commonwealth v. Maurer,* supra; *Commonwealth v. Updegrove,* 223 Pa.Super. 7, 296 A.2d 854 (1972). Absent literal possession, the Commonwealth may sustain its burden by showing constructive possession, which requires that the Commonwealth prove that the accused had the power to control the contraband and the intent to exercise that control. *Commonwealth v. Townsend,* 428 Pa. 281, 237 A.2d 192 (1968); *Commonwealth v. Maurer,* supra; *Commonwealth v. Updegrove,* supra. "Undoubtedly, the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered: 9 Wigmore on Evidence (3rd ed.) § 2513. Cf. *Com. v. Ault,* 10 Pa.Super. 651." *Commonwealth v. Davis,* 444 Pa. 11, 16, 280 A.2d 119, 121 (1971), quoting *Commonwealth v. Kauffman,* 155 Pa.Super. 347, 351, 38 A.2d 425, 427 (1944). See also *Commonwealth v. Schuloff,* 218 Pa. Super. 209, 275 A.2d 835 (1971). It is equally true, however, that constructive possession may properly be inferred from the totality of circumstances which attend each case. Exclusive control of a dwelling may be inferred from proof that the accused is the sole occupant or tenant of the place in which contraband is found. See *Commonwealth v. Davis,* supra; *Commonwealth v. Maurer,* supra. An accused may be charged with the knowledge of the location of the contraband, which is essential

to the proof of an intent to exercise control, if the contraband is found in places peculiarly within the control of the accused. *Commonwealth v. Armstead,* 452 Pa. 49, 305 A.2d 1 (1973); *Commonwealth v. Maurer,* supra; *Commonwealth v. Ferguson,* 231 Pa.Super. 327, 331 A.2d 856 (1974). Compare *Commonwealth v. Hannan,* 229 Pa.Super. 540, 331 A.2d 503 (1974) with *Commonwealth v. Gladden,* 226 Pa.Super. 13, 311 A.2d 711 (1973), and *Commonwealth v. Walley,* 225 Pa.Super. 465, 310 A.2d 381 (1973). Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession. *Commonwealth v. Gladden,* supra.

Here, one might wonder whether "the contraband [the implements of escape] [was] found in places peculiarly within the control of [appellant]." It cannot be said that appellant had "[e]xclusive control" of the cell, for the evidence is uncontroverted that others had access to it. However, whether "persons other than [appellant] had equal access to the place in which the property was discovered," *i. e.,* whether the implements of escape were found in a place normally accessible only to appellant, *Commonwealth v. Samuels,* 235 Pa.Super. 192, 340 A.2d 880 (1975), or whether they might be considered to have been found in a "common area," *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974), is perhaps a close question. It is, however, a question that we do not need to resolve.

The Crimes Code, Act of Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. § 5122, as amended by the Act of Dec. 10, 1974, P.L. 910, No. 300, § 2 (Supp.1978–79), provides in part:

(a) . . . .

(3) An inmate commits a misdemeanor of the second degree if he unlawfully procures, makes or otherwise provides himself with, or unlawfully has in his possession *or under his control,* any tool, implement or other thing which may be used for escape.
(Emphasis added.)

The emphasized phrase, "or under his control," was added by the 1974 amendment. This addition manifests a legislative awareness of the difficulties of proving constructive possession in cases arising in prisons, because of the difficulty of proving "exclusive control" or "equal access." By permitting conviction upon proof of "control" only, the legislature avoided this difficulty. Here, the evidence established that appellant had for some time been the sole occupant of the cell, and that the implements of escape were found under his bed. That was sufficient evidence to establish that the implements were "under [appellant's] control."

–2–

–a–

Before we consider whether appellant's trial counsel was ineffective for failing to pursue a claim under Pa.R.Crim.P. 1100, we must consider the Commonwealth's contention that this issue has been waived.

Since it is unrealistic to expect trial counsel to argue his own ineffectiveness, *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975), where, as here, the defendant is represented by new counsel on appeal, an allegation of ineffective assistance of trial counsel must be raised on appeal or it will be waived. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). Here, appellant's new counsel has on appeal alleged ineffective assistance of trial counsel. The Commonwealth contends that the issue has nevertheless been waived because it was not included by appellate counsel in his statement to the lower court of matters complained of, filed in accordance with Pa.R.A.P. 1925(b); stated more fully: appellate counsel did in his statement of matters complained of raise ineffective assistance of counsel on various grounds; however, he did not specify as one of those grounds the failure to pursue a claim under R. 1100.

The Commonwealth cites Pa.R.A.P. 1925(b), which provides:

**(b) Direction to file statement of matters complained of.** If the lower court is uncertain as to the basis for the appeal, the lower court may direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

The Commonwealth argues that the phrase, "failure to comply . . . *may* be considered . . . a waiver," should be read as, ". . . *must* be considered . . . a waiver." We are not persuaded that we should do so. The rule explicitly, and plainly, gives us discretion. We find no reason to strip ourselves of this discretion. The problem, rather, is to define the difference in circumstances that will determine whether we will exercise our discretion to find waiver, or to find no waiver.

■ Generally speaking, it is true that one may not raise an issue on appeal when despite an opportunity to do so, one did not raise it below. Therefore, an issue that could have been raised by post-verdict motion, but was not, will as a rule not be considered on appeal. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). There are two reasons for this rule. First, the rule provides the lower court the opportunity to correct any error that may have occurred. Thus, for example, we have held that before we will consider whether a guilty plea was properly accepted, the defendant must petition the lower court to allow withdrawal of the plea. *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975). Second, the rule facilitates appellate review by enabling the lower court to explain its decision, that is, to say why it rejected the arguments the defendant made to it, and now repeats to the appellate court.

■■ Pa.R.A.P. 1925(b), however, is based on only the second of these reasons: it facilitates appellate review by enabling the lower court to explain its decision; but it does not provide the lower court the opportunity to correct any

error that may have occurred. Consequently, in construing Pa.R.A.P. 1925(b), we may not treat the statement of matters complained of as the equivalent of a post-verdict motion, and then simply invoke *Commonwealth v. Clair, supra.* Instead, we must consider the impact on our ability to exercise appellate review. If the failure by a defendant's counsel to comply with Pa.R.A.P. 1925(b) defeats effective appellate review of a given issue, then the failure should be considered a waiver of the issue. However, if the failure does not defeat, or even interfere with, the ability to exercise appellate review, then the failure should not be considered a waiver.

When this principle is applied to the present case, it becomes apparent that no waiver should be found. By the time appellate counsel entered the case, the post-verdict motion had been presented (orally) and argued by trial counsel, and ruled upon by the lower court. Suppose appellate counsel had said in his statement to the lower court of matters complained of that he was going to argue to this court that trial counsel had been ineffective in failing to pursue the R. 1100 claim. The lower court would have been in a worse position to evaluate the possible merit of this argument than we, for it would have received no briefs nor heard any argument on the issue. Thus the lower court could not have facilitated our appellate review of the issue, which is to say, appellate counsel's failure to tell the lower court that he was going to argue the issue to us has not defeated, or even interfered with, our ability to exercise appellate review.

–b–

On January 7, 1977, the Commonwealth filed a petition for an extension pursuant to R. 1100(c),[1] alleging that despite

1. Rule 1100(c) provides:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have

the Commonwealth's due diligence, the case could not come to trial by January 17th, which was the 180th day, because no courtroom was available. A hearing on the petition was set for January 27. On that date, defense counsel did not appear, and the petition, uncontested, was granted without a hearing or findings. Trial was held within the time provided for by the extension. Appellant contends that counsel was ineffective for failing to contest the petition to extend, and in failing to file a R. 1100(d) petition to dismiss.

 If the petition for extension would most likely have prevailed despite objection, *cf. Commonwealth v. Hill,* 231 Pa.Super.Ct. 371, 331 A.2d 777 (1974), or if there was some other reasonable basis (admittedly, difficult to imagine but possible) for counsel's failure to contest the petition, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), we would not find counsel ineffective. However, the record does not enable us to determine whether an objection to the petition would have been successful, since no hearing was held, and no findings were made. Accordingly, we must remand to the lower court for an evidentiary hearing. *See Commonwealth v. Twiggs, supra.* If on remand it is determined that counsel's decision not to contest the petition was reasonable, and not based on neglect, then counsel should not be held ineffective. If, however, it is determined that counsel had no reasonable basis for his failure to object, and that an objection would have been arguably meritorious, then the lower court should find counsel ineffective and award appellant a hearing on the petition.[2] If, following such a hearing, the court determines

the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

2. It should be noted that here the petition was listed for hearing after the requirements of *Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976), were established:

Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the

that the extension was properly granted, then the judgment of sentence should be affirmed. If, however, the court determines that the extension should not have been granted, then the charges against appellant should be dismissed and appellant should be discharged. *See Commonwealth v. Dever,* 243 Pa.Super. 87, 364 A.2d 463 (1976).

So ordered.

PRICE, J., files a dissenting statement, in which VAN der VOORT, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

I respectfully dissent. I would find the Pa.R.Crim.P. 1100 issue waived by *this* counsel's failure to comply with Pa.R.A.P. 1925(b).

VAN der VOORT, J., joins in this dissenting statement.

earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.