J-S55006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JABREE COOPER | : | |
| | : | |
| Appellant | : | No. 3026 EDA 2017 |

Appeal from the Judgment of Sentence August 22, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000942-2017

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 04, 2018**

Appellant, Jabree Cooper, appeals from the judgment of sentence entered on August 22, 2017. We affirm.

The trial court ably summarized the evidence presented during Appellant's June 14, 2017 jury trial:

> On [the evening of] October [21,] 2016, . . . Officer Matthew Goldschmidt of the Chester City Police Department was working with the Pennsylvania State Police as part of a special task force patrolling the high-crime areas of the city. He was partnered that evening with Trooper Salerno of the Pennsylvania State Police. They were in a marked State Police cruiser[;] Trooper Salerno was driving and Officer Goldschmidt was in the front passenger seat. . . .
>
> [At approximately 10:40] that night, [the officers were traveling] north in the 700 block of Pennell Street [when] they observed a blue Kia Optima approaching them with its high beams on. As the Kia approached 8th Street, it made a left onto West 8th Street without using a turn signal. As the vehicle turned, the passenger looked at them, and Officer

Goldschmidt could smell a very strong odor of burnt marijuana. . . .

As a result of their observations, the officers decided to conduct a traffic stop. They activated the lights and the siren on the patrol vehicle. The Kia stopped for a second as it approached Pusey Street and then fled. The driver accelerated the vehicle and made a left onto Pusey Street. The officers pursued. [Traveling at high speeds, t]he Kia went north to 9th Street, made a left onto 9th, went west on 9th to Tilghman, south on Tilghman Street to 4th Street, proceeded on 4th Street to Jeffrey Street, then south on Jeffrey, made a right onto 2nd Street, went down 2nd Street to Highland Avenue, then north on Highland Avenue, where [it] smashed into several vehicles and then crashed on the front lawn of a house prior to 10th Street. There, the pursuit stopped and the two occupants were taken into custody. The driver was identified as [Appellant].

The entire incident was video recorded by the State Police cruiser's [mobile video recorder ("MVR")] system. The Commonwealth published the video to the jury with Officer Goldschmidt pausing the video at points during the pursuit and commenting []. One of the pauses was to show the jury a weapon being discarded out of the passenger window in the area of 2nd and Palmer Streets.

[Officer Goldschmidt searched Appellant incident to the arrest; the officer discovered "a clear sandwich bag containing six clear zip-top bags of crack cocaine down [Appellant's] pants[,] between his [] legs." N.T. Trial, 6/14/17, at 46. The officers also searched the automobile Appellant was driving. The officers] . . . recovered a spent [cartridge] casing from a .40 caliber handgun [] on the floor of the rear seat area. . . .

Early the next morning, [police officers] went to the area of 2nd and Palmer Streets, the location [that the] MVR recording showed the gun being thrown from the vehicle, and retrieved a black firearm from the gutter. The weapon was identified as a .40 caliber Smith & Wesson M&P Shield. Upon examination, it was discovered the weapon was loaded with live ammunition. [Appellant] stipulated that the recovered weapon was functional and capable of discharging the type

of ammunition for which it was manufactured, as indicated in the ballistics report entered into evidence. [Appellant] also stipulated the "spent cartridge" recovered from the vehicle was discharged from that same handgun. [Appellant] further stipulated the firearm was reported stolen, as run through NCIC[] and, also, that he was not licensed to carry a firearm. . . .

Detective Louis Grandizio is employed by the Delaware County Criminal Investigation Division of the District Attorney's Office and was qualified as an expert firearms examiner. He opined that the spent casing recovered from [Appellant's] vehicle was consistent with the firearm being discharged from inside that vehicle. . . .

[Appellant] did not testify at trial and presented no evidence in rebuttal.

Trial Court Opinion, 11/20/17, at 2-4 (internal citations and some internal capitalization omitted).

The jury found Appellant guilty of possession of a controlled substance, possession of drug paraphernalia, fleeing or attempting to elude a police officer, criminal conspiracy to possess a firearm without a license, criminal conspiracy to receive stolen property, possession of a firearm without a license, and receiving stolen property.[1] On August 22, 2017, the trial court sentenced Appellant to serve an aggregate term of four-and-a-half to nine years in prison, followed by five years of probation, for his convictions. *See* N.T. Sentencing, 8/22/17, at 18.

_____

[1] 35 P.S. §§ 780-113(a)(16) and (32), 75 Pa.C.S.A. § 3733(a), and 18 Pa.C.S.A. §§ 903, 6106(a)(1), and 3925(a), respectively.

Appellant filed a timely notice of appeal. Appellant raises one claim to this Court:

> Whether the evidence was insufficient to find [Appellant] guilty of firearms not to be carried without a license, conspiracy to firearms not to be carried without a license, receiving stolen property[,] and conspiracy to receiving stolen property arising from a vehicle stop in which a firearm was discarded by the [passenger] from the passenger side door during pursuit by the local and State Police[?]

Appellant's Brief at 7 (some internal capitalization omitted).

We review Appellant's sufficiency of the evidence challenges under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*), *quoting **Commonwealth v. Hutchinson***, 947 A.2d 800, 805-806 (Pa. Super. 2008).

Appellant claims that the evidence was insufficient to support the convictions that arose out of his possession of the firearm, as there was insufficient evidence to prove that he possessed the firearm. Further, on appeal, Appellant echoes the argument he made at trial and claims that his flight only demonstrated his consciousness of guilt as to the cocaine that was later found on his person. ***See*** Appellant's Brief at 14. Appellant's claims fail.

"In [] possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." ***Commonwealth v. Thompson***, 428 A.2d 223, 224 (Pa. Super. 1981). Actual possession is proven "by showing . . . [that the contraband was] found on the [defendant's] person." ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983). If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the contraband. ***Id.***

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we

- 5 -

have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Kinard***, 95 A.3d 279, 292 (Pa. Super. 2014) (internal quotations and citations omitted); ***see also Macolino***, 469 A.2d at 134 ("[c]onstructive possession has been defined as the ability to exercise a conscious dominion over the illegal [contraband]: the power to control the contraband and the intent to exercise that control").

With respect to the element of "knowledge" in possessory offenses, this Court held:

> an awareness of the presence of the items which [the defendant] was accused of having [is] an essential element of his supposed intent to control. But this knowledge need not be proven by his admission of such knowledge, or by testimony of his associates that he saw these articles. The defendant's knowledge of the presence of these articles may be inferred from all the surrounding circumstances.

***Commonwealth v. Gladden***, 311 A.2d 711, 712 (Pa. Super. 1973) (*en banc*) (internal quotations and citations omitted) (some internal capitalization omitted). "Mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." ***Commonwealth v. Valette***, 613 A.2d 548, 551 (Pa. 1992). However, "circumstantial evidence may be used to establish constructive possession of the [contraband]." ***Commonwealth v. Johnson***, 26 A.3d 1078, 1094 (Pa. 2011). Moreover, "[t]wo actors may have joint control and equal access and thus both may constructively possess the contraband." ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996).

Viewed in the light most favorable to the Commonwealth, the totality of the circumstances in this case is sufficient to establish that Appellant constructively possessed the firearm. Indeed, the Commonwealth introduced evidence demonstrating that: Appellant operated the vehicle on the night in question; the illegal, stolen firearm had been fired from within the same vehicle that Appellant was operating; when the officers initiated a traffic stop of Appellant's vehicle, Appellant fled and drove his vehicle recklessly and at high speeds through the City of Chester, in an attempt to elude the officers and avoid capture – thus demonstrating Appellant's consciousness of guilt with respect to his illegal possession of the stolen firearm;[2, 3] and, during the high-speed chase, the firearm was thrown out of the passenger-side window.

---

[2] It is a "settled rule of law that when a defendant has reason to know that he may be suspected in connection with a crime, the jury may infer a consciousness of guilt from that person's flight or other evasive conduct." **Commonwealth v. Jones**, 570 A.2d 1338, 1349 (Pa. Super. 1990); **see also Commonwealth v. Spotz**, 870 A.2d 822, 825 n.10 (Pa. 2005) ("[e]vidence of a defendant's flight and/or concealment following a crime is admissible to establish an inference of consciousness of guilt").

[3] During trial, Appellant's counsel argued that Appellant's flight only demonstrated his consciousness of guilt as to the cocaine that was later found on his person. **See** N.T. Trial, 6/14/17, at 108-113. Nevertheless, in finding Appellant guilty of the firearm offenses, the jury apparently rejected this argument, as was its province. **See Commonwealth v. Shaver**, 460 A.2d 742, 745 (Pa. 1983) ("[i]t is solely the province of the trier of fact to pass upon the credibility of witnesses and to give it such weight as may be accorded to the evidence therein produced. The factfinder is free to believe all, part or none of the evidence").

Contrary to Appellant's argument during trial and on appeal, this evidence is sufficient to prove far more than Appellant's "association" with the firearm. Indeed, the evidence is sufficient to prove that Appellant: knew the firearm was present in the vehicle; had the power and the intent to control the firearm while it was in the vehicle; and, acted in concert with his passenger to dispose of the firearm during the high-speed chase. *See Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (holding that the evidence was sufficient to establish that the defendant constructively possessed the firearm where: "[defendant] was the only person found in the vehicle[; t]he gun in question was found in a compartment on the passenger side of the vehicle[; the defendant] . . . mov[ed] sideways toward the passenger side of the vehicle immediately after [the officer] turned on his lights and siren[; and, the defendant] . . . exhibit[ed] a consciousness of guilt").

Moreover, the fact that Appellant's attempt to elude capture might possibly be consistent with his cocaine possession – and not his possession of the illegal, stolen firearm – "entirely neglects to consider the evidence in the light most favorable to the Commonwealth." *Commonwealth v. Watley*, 81 A.3d 108, 115 (Pa. Super. 2013). "This case is simply not one where the evidence is so weak and inconclusive that there is no probability of fact that Appellant" had the power to control the contraband and the intent to exercise that control. *See id.* The evidence is thus sufficient to prove that Appellant constructively possessed the firearm. Appellant's sufficiency of the evidence claims fail.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/18