J-S35009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JONATHAN WILLIAMS | : | |
| Appellant | : | No. 414 EDA 2018 |

Appeal from the Judgment of Sentence January 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003649-2017

BEFORE:   OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 12, 2019**

Appellant, Jonathan Williams, appeals from the judgment of sentence entered on January 12, 2018.  We affirm.

The trial court ably summarized the underlying facts of this case.  As the trial court explained:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officer Sharrod Davis.  Officer Davis testified that on December 10, 2016, at approximately 12:50 a.m., he and his partner, who were assigned to the Highway Division, were on patrol in the vicinity of 11th and Norris Streets in Philadelphia.  At that time and location, he observed Appellant, who was driving a blue Jaguar XF, disregard a stop sign at 11th and Norris Streets.  Officer Davis activated his overhead lights and stopped Appellant; three male passengers were in the car.  Upon approaching the vehicle, Officer Davis observed Appellant making furtive movements on his right side.  Officer Davis testified that none of the passengers made any movements.  When he arrived at the driver's side window, he observed in plain view a bag of marijuana on the right side of Appellant's seat; he also smelled burnt marijuana emanating from the vehicle.  At that

_____
\* Retired Senior Judge assigned to the Superior Court.

point, Officer Davis advised Appellant that the vehicle was going to be searched.[fn.1]

[fn.1] Appellant was the registered owner of the vehicle.

Officer Davis testified that, as his partner kept watch over the males, he searched the cabin of the vehicle. In addition to the seating, flooring[,] and consoles, he searched the rear, pull-down armrest, and opened its latch to the trunk, all of which yielded negative results. With Appellant's key, he then opened the trunk, which was filled with clothing. There was a pair of pants sitting at the opening of the trunk, *i.e.*, the rearmost part of the vehicle. Beneath the pants, he found a black plastic bag containing a firearm, two large white pill bottles, and a purple jar of marijuana.[fn.2] Upon seeing the firearm, Officer Davis yelled "gun." Appellant did not have any reaction at all. Officer Davis ran Appellant's information through the NCIC/PCIC database to determine if he had a permit to carry the firearm. Upon discerning that Appellant had no permit, Officer Davis placed him under arrest.

[fn.2] Officer Davis' testimony established that there was no way for one of the passengers to secrete the contraband in the trunk because: (a) it was located too far from the latch; (b) [it was] blocked by a large amount of clothing; [] (c) both the latch and the armrest were shut[;] and[, (d)] none of the passengers had made any movements.

The Commonwealth next introduced by stipulation evidence establishing that: (a) the white pill bottles recovered from Appellant's trunk contained in excess of 800 pills of Xanax, a schedule IV narcotic, and that "[w]hoever possessed them, possessed them with an intent to deliver;" (b) Appellant has a prior conviction for [possession of a controlled substance with the intent to deliver ("PWID")], which rendered him ineligible to possess a firearm; (c) the handgun recovered from the trunk was test-fired by the Firearms Investigation Unit and deemed operational; (d) the marijuana recovered from the trunk weighed 3.323 grams; and[, (f)] the marijuana recovered from Appellant's driver's seat weighed 6.332 grams.

Finally, in addition to the above evidence, the Commonwealth presented audio transcripts of prison phone calls made by Appellant, in which, among other things, Appellant discussed trying to have one of the passengers without a prior record to "take the hit for [him]," as it would only result in probation for the passenger. In another conversation, he used the thinly-veiled code word "cologne" for items he needed promptly removed from the trunk of his car:

. . .

[Appellant:] This is what I need you to do. I need you to call my mom . . . tell my mom [to] get that cologne and sh*t out the trunk. Tell her get the cologne and all that out the trunk you know what [I'm] saying . . . I got a sacs bag in the trunk and a plastic bag in there with a top can in there like top paper. . . . It's a can in the trunk . . . you know what I'm saying. . . . Get that out and uh . . . and I got some more cologne in the door and the title to my car is in the glove box. . . .

Trial Court Opinion, 9/24/18, at 2-4 (citations and some capitalization omitted).

Following a bench trial, the trial court found Appellant guilty of PWID, persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on the public streets of Philadelphia.[1] On January 12, 2018, the trial court sentenced Appellant to serve an aggregate term of three-and-a-half to seven years in prison for his convictions.

Appellant filed a timely notice of appeal. He lists the following claims in his statement of questions involved:

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

- 3 -

[1.] The evidence was insufficient to support the verdicts for carrying a firearm in Philadelphia [], carrying a firearm without a license [], carrying firearms in public in Philadelphia [], and [PWID,] for the following reasons:

[(a)] The evidence was insufficient to prove Appellant possessed, either actually or constructively, the firearm or controlled substances as they were recovered inside a bag in the trunk of a vehicle with three other passengers.

[(b)] The evidence was insufficient to prove Appellant had conscious dominion or control over the firearm and controlled substances recovered from the trunk.

[2.] The evidence was insufficient to support the verdict for [PWID] when the weight of the marijuana found in Appellant's actual possession was insufficient to prove Appellant possessed that marijuana with the intent to distribute it.

[3.] The evidence was against the weight of the verdict as the evidence presented does not sustain the verdicts of guilty for carrying a firearm in Philadelphia [], carrying a firearm without a license [], carrying firearms in public in Philadelphia [], and [PWID,] as the evidence does not prove beyond a reasonable doubt:

[(a)] Appellant possessed, either actually or constructively, the firearm or controlled substances recovered from the trunk of the vehicle.

[(b)] Appellant had conscious dominion or control over the firearm or the controlled substances recovered from the trunk of the vehicle which contained [three] other people.

Appellant's Brief at 2-3 (some capitalization omitted).

Although Appellant lists three claims in his statement of questions involved, he has chosen to argue only his first numbered claim on appeal. Specifically, Appellant devotes his appellate argument to discussing his

contention that the evidence was insufficient to support his convictions, as the Commonwealth did not prove, beyond a reasonable doubt, that he constructively possessed the contraband found in the trunk. *See id.* at 15-28. Therefore, we will confine our discussion to this claim.

We review Appellant's sufficiency of the evidence challenge under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559–560 (Pa. Super. 2011) (*en banc*), *quoting* *Commonwealth v. Hutchinson*, 947 A.2d 800, 805–806 (Pa. Super. 2008).

"In [] possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the

contraband." ***Commonwealth v. Thompson***, 428 A.2d 223, 224 (Pa. Super. 1981). Actual possession is proven "by showing . . . [that the contraband was] found on the [defendant's] person." ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983). If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the contraband. ***Id.***

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Kinard***, 95 A.3d 279, 292 (Pa. Super. 2014) (quotations and citations omitted); ***see also Macolino***, 469 A.2d at 134 ("[c]onstructive possession has been defined as the ability to exercise a conscious dominion over the illegal [contraband]: the power to control the contraband and the intent to exercise that control").

With respect to the element of "knowledge" in possessory offenses, this Court held:

> an awareness of the presence of the items which [the defendant] was accused of having [is] an essential element of his supposed intent to control. But this knowledge need not be proven by his admission of such knowledge, or by testimony of his associates that he saw these articles. The

defendant's knowledge of the presence of these articles may be inferred from all the surrounding circumstances.

***Commonwealth v. Gladden***, 311 A.2d 711, 712 (Pa. Super. 1973) (*en banc*) (quotations, citations, and some capitalization omitted). "Mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." ***Commonwealth v. Valette***, 613 A.2d 548, 551 (Pa. 1992). However, "circumstantial evidence may be used to establish constructive possession of the [contraband]." ***Commonwealth v. Johnson***, 26 A.3d 1078, 1094 (Pa. 2011).

On appeal, Appellant claims that the evidence was insufficient to prove he constructively possessed the contraband because "the Commonwealth was unable to show [Appellant] knew of the existence or intended to control the [contraband]." Appellant's Brief at 17-18. In particular, Appellant claims, "there were three other people [in the vehicle] who had equal access [to the trunk], [Appellant] was compliant with the officers, he pulled the car over immediately, the marijuana found on his seat does not match the packaging found in the trunk, and there was nothing more to show [that Appellant] had any knowledge of the contraband in his vehicle." ***Id.*** at 18-19.

The trial court thoroughly explained why Appellant's claim on appeal fails:

> The direct and circumstantial evidence, along with all reasonable inferences viewed in the light most favorable to the Commonwealth, establishes that Appellant constructively possessed the contraband in the trunk of his car. When Appellant's vehicle was stopped, he was the only occupant who made any furtive movements. Specifically, he made

movements to his right side, and consistent with that movement, a bag of marijuana was situated in plain view on the right side of his seat. A search of the inside of the car yielded no other contraband. . . .

Moreover, Appellant not only was the driver, he was the owner of the vehicle . . . [and] Appellant's car key was the sole means of accessing the contraband. [True,] . . . there was a latch to the trunk[. However,] the evidence established that it was physically impossible for the passengers to have secreted the contraband through the latch given: (a) its location in the trunk; (b) a barrier of clothing between the back seat console and the trunk; (c) the fact that none of the passengers made any movements[; and, (d)] both the latch and armrest were shut. [Further], the gun was in a bag that was buried under a pile of clothing in the trunk, thus indicating that it wasn't simply placed in the trunk, but intentionally hidden. . . .

[Finally,] there were the prison tapes in which Appellant discussed having someone else take the blame for him[] and also manifested his exquisite knowledge of the contents of his vehicle, *i.e.*, even if one construes Appellant's references to "cologne" as actual cologne. While these tapes alone were not remotely dispositive, they nonetheless contributed to all the other evidence of Appellant's guilt. In sum, considering the totality of the circumstances, the evidence was more than sufficient to sustain Appellant's convictions.

Trial Court Opinion, 9/24/18, at 8-9 (footnote omitted).

We agree with the trial court's cogent analysis and add that further evidence of Appellant's guilt is contained in Officer Davis' testimony that, when Officer Davis discovered the firearm in Appellant's trunk, Officer Davis "screamed" the word "gun" – and Appellant did not "have any reaction." N.T. Trial, 10/10/17, at 18-19. Viewed in the light most favorable to the Commonwealth, Appellant's non-reaction to the fact that the police discovered a gun in his vehicle is additional evidence demonstrating that Appellant knew

of and had the ability to exercise a conscious dominion over the contraband found in his trunk.

We thus conclude that the evidence was sufficient to establish that Appellant constructively possessed the contraband in his trunk. Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/19