368 A.2d 285

**In the Matter of HARRISON SQUARE, INC.**

**Appeal of the TRUSTEES OF C. I.**
**MORTGAGE GROUP.**

**Appeal of A. J. DEMOR & SONS, INC.**

Supreme Court of Pennsylvania.

Argued May 8, 1975.

Decided Jan. 28, 1977.

Michael W. Balfe, Rose, Schmidt & Dixon, A. J. Polito, Edward C. Leckey, Pittsburgh, for appellant.

S. M. Rosenzweig, Pittsburgh, for appellee.

Before JONES, Chief Justice, and EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

## OPINION

PER CURIAM.

Appellant, C. I. Mortgage Group [hereinafter CIM], instituted an action in mortgage foreclosure on April 24, 1974, when it became apparent that construction on a housing project had been interrupted because of financial difficulties. On May 6, 1974, in an *ex parte* proceeding, Leonard McGee, Jr., as president of Harrison Square, Inc. [hereinafter Harrison Square], the developer of the project in question and also as president of McGee Masonry Corporation, a principal creditor of Harrison Square, petitioned for the appointment of a receiver for Harrison Square. The Court of Common Pleas of Allegheny County granted the petition and ordered that a hearing be held on June 5, 1974, to determine whether the appointment of the receiver should be made permanent or whether Harrison Square should be dissolved and liquidated. After hearings in which appellant CIM contested the appointment of a receiver, a Decree was filed on July 5, 1974, continuing the receivership and directing the receiver to seek financing sufficient to complete the project.

Pursuant to this direction the receiver subsequently petitioned the court for permission to enter into a contract for securing the funds allegedly necessary to complete the project.[1] Notice was given to all creditors that

---

1. At the time of the institution of the suit, only 47 of the 101 units contemplated had been completed to a point where they could be occupied. There was also testimony that further work was required on the tenantable units.

an additional hearing would be held on September 16, 1974, to consider this request. Appellant, A. J. Demor and Son, Inc. [hereinafter Demor] was represented at this later proceeding but raised no formal objection to the petition. At the conclusion of the hearing, the Chancellor issued a decree permitting the receiver to enter said contract. Both CIM and Demor filed separate appeals to this Court from that ruling.[2] These appeals were then consolidated for the purpose of oral argument and disposition.

Subsequently, the parties to the appeal lodged at No. 67, March Term, 1975[3] notified this Court of their desire to discontinue their appeal. Since all parties in that action have expressed their agreement to the prayer of the Petition for Discontinuance of that appeal, we hereby grant the petition and direct that the appeal be withdrawn at the request of the parties and with the consent of this Court.

The remaining matter for disposition is the appeal of A. J. Demor & Sons, Inc. at No. 77, March Term 1975. The Chancellor in his opinion pointed out the flagrant violations of our former Rule 56 (which was in effect at the time this appeal was instituted) committed by this appellant in attempting to perfect this appeal and suggested that the appropriate sanction should be to treat the contentions raised herein as being waived.[4] We agree for the reasons that follow.

2. Jurisdiction in this Court is based on the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 233, art. II, § 202(4), 17 P.S. § 211.202(4) (1976) (suspended July 1, 1976, see Pa.R.App.P. 702(b).

3. The parties in that action are Trustees for CIM [appellant] and the receiver for Harrison Square [appellee].

4. Appellant criticizes the Chancellor for referring to a violation of a rule of this Court and characterizes it as a usurpation of our power. To the contrary, a trial or hearing judge should call to our attention all blatant violations of procedural rules particularly where the violation has impeded the orderly processing of the cause.

Supreme Court Rule 56 provides:[5]

Forthwith upon entering his appeal, appellant shall serve notice thereof on the opposite party or his counsel; on the stenographer who took the testimony, if the official transcript thereof has not been filed; also on the judge who made any ruling or entered any order, judgment or decree, of which appellant complains and the reasons for which do not already appear of record; and shall promptly file in the court below proof of the service of such notices. A failure to comply with this rule and promptly to serve notice on the court below, with a concise statement of the matters complained of and regarding which it is alleged the reasons therefor do not appear of record, may be considered as a waiver of all objections to the ruling, order, judgment or decree in question. On the receipt of the notice here required, the official stenographer shall forthwith proceed to have his notes transcribed, approved and filed, and the court below shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling, order, judgment or decree therein referred to, or shall specify in writing the place in the record where such reasons may be found, and this opinion or writing shall be attached to the record and printed as part thereof.

Demor waited to file its appeal from the decree entered on September 16th until October 16, 1974. Notice of filing was not served upon the Chancellor until 21 days thereafter on November 6th. This was clearly not the prompt service upon the court envisioned by the rule.

■ The rule also requires ". . . a concise statement of the matters complained of and regarding which it is alleged the reasons therefor do not appear of record, . . ." Even though Demor waited until the eleventh

5. Replaced by Rule of Appellate Procedure 1925, effective July 1, 1976.

hour to file the appeal and belatedly served notice upon the Chancellor [6] it neglected to notify the court of the basis upon which the appeal was to be premised, nor could the reasons be ascertained from a review of the record.[7] As a result, the Chancellor was unable to evaluate the claims of Demor which are presently before us. We are not impressed with the argument offered by Demor that their failure to comply with the requirement of supplying "a concise statement of the matters complained of" was of no consequence since in essence they were raising the same objections as the Trustees for CIM. Our rules are promulgated with the anticipation that *all parties* will comply with their mandate. Since Demor in effect relied upon our answering their objections in the appeal instituted by CIM, Demor must now bear the consequences of CIM's decision to withdraw that action.

■ Our rules are designed to administer the appellate process in the fairest and most efficient manner possible. The rule in question was specifically aimed at providing the hearing court with an opportunity to respond to the complaint being raised by the party instituting the appeal. The lack of compliance here prevented this Court from having the benefit of the consideration of the hearing court with respect to the claims raised by the instant litigant. We believe that under all of the circum-

6. Under Supreme Court Rule 22, appellant was required to serve notice upon the court within ten (10) days after the issuance of the writ of certiorari.

7. The only statement appearing of record relating to the position of Demor was made at the close of the September 16th hearing which was as follows:
"Our ability to take [a] position with respect to this [rule] to show cause is dependent in part upon details that are not apparent . . . from the record [to wit], the basis for arriving at the $450,000.00 figure for construction, the arrangement with the architect and his certifications and . . . reliability . . . . Under the state of the record at the present time, *we are not able to know whether we do or do not object* . . . absent those details . . . . " (emphasis added)

stances it is appropriate to treat appellant Demor's failure to comply with Rule 56 as a waiver of all of their objections to the decree entered by the Chancellor. Accordingly, the appeal of A. J. Demor & Sons, Inc. is dismissed.

In the appeal at No. 67 March Term 1975, each party is to bear own costs. In the appeal at No. 77 March Term 1975, costs are to be borne by the appellant, Demor.

MANDERINO, J., took no part in the consideration or decision of this case.

JONES, C. J., and EAGEN, J., concur in the result.

ROBERTS and POMEROY, JJ., filed a dissenting opinion.

ROBERTS and POMEROY, Justices (dissenting).

We dissent from the majority's refusal to reach the issue of the propriety of the appointment of the receiver.