439 A.2d 824

**COMMONWEALTH of Pennsylvania,**

v.

**Michael LIGNOS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 16, 1981.

Filed Jan. 8, 1982.

Donald Calaiaro, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

PER CURIAM:

On November 26, 1974, appellant was placed on probation for five years following his plea of guilty to the charge of Receiving Stolen Goods. On August 25, 1978, appellant was arrested and charged, inter alia, with the offense of Former Convict Not to Own a Firearm. A probation revocation hearing was held on September 28, 1978 at which a probation officer stated that appellant was given written notice of the hearing and the violations of probation he allegedly committed. Appellant was charged with the so-called "technical" violations of possessing a firearm and leaving Allegheny County without permission. The lower court revoked his probation and imposed upon appellant a sentence of two to five years imprisonment. This appeal followed in which appellant's main contention is that he was denied procedural due process rights because the notice sent to him did not fully apprise him of the accusations that would be made against him at the hearing. Because we find that appellant has waived the issues he now raises, we affirm the judgment of sentence.

Appellant failed to comply with Pennsylvania Rule of Appellate Procedure 1925(b) which provides:

(b) Direction to file statement of matters complained of. If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Appellant filed a notice of appeal from the judgment of sentence on November 2, 1978. On that date, the lower court ordered him to file a statement of matters complained of. Appellant did not comply with this directive, and on July 8, 1980 the lower court again requested such a statement. Not having received it by August 26, 1980, the lower court issued its opinion stating that it is not certain of the basis of the appeal. No statement of matters complained of appears in the record before us, which was filed with this court on August 27, 1980. We agree with the Commonwealth's view that appellant did not comply with Rule 1925(b).

We are without a trial court opinion because of appellant's failure to comply with Rule 1925(b). We find it difficult to review the case adequately without an opinion and accordingly, will treat the failure to comply as a waiver. Cf. *Commonwealth v. Monroe*, 281 Pa.Super. 328, 422 A.2d 193 (1980), n.1, in which we did not treat non-compliance with the Rule as a waiver.

Judgment of sentence affirmed.

PRICE, J., did not participate in the consideration or decision of this case.