Raymond M. Barrick and Bertha Barrick, Appellants *v.* Richard C. Fox and Barbara M. Conyne, Appellees.

Submitted on briefs September 15, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Allen E. Hench,* for appellants/cross appellees, Richard C. Fox and Barbara M. Conyne.

*C. Joseph Rehkamp,* for appellees/cross appellants, Raymond M. and Bertha Barrick.

OPINION BY JUDGE BLATT, March 18, 1983:

On November 5, 1980, the Court of Common Pleas of the 41st Judicial District of Pennsylvania, Perry County Branch, entered an order denying and dismissing the motion for a new trial filed by the appellants, Raymond M. and Bertha Barrick. The order also denied and dismissed the cross-appeal filed by the appellees, Richard C. Fox and Barbara M. Conyne.

On December 5, 1980, both sides appealed to this Court. On January 6, 1981, the trial court (by President Judge KEITH B. QUIGLEY), ordered both parties to file a Statement of Matters Complained of, pursuant to Pa. R.A.P. 1925(b). Neither party, however, has complied with that order and, as President Judge QUIGLEY points out, this put the trial court "in a posi-

8

tion where it must attempt to cover all possible issues, even though it is quite possible, in fact probable, that some of the issues are not being seriously advanced by counsel." He adds that, due to this failure, he believes that "no issues survive for reference to the Appellate Court." We must agree.

Pa. R.A.P. 1925(b) provides:

(b) Direction to file statement of matters complained of. If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. *A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order,* ruling or other matter complained of. (Emphasis added.)

Thus, Pa. R.A.P. 1925(b) gives an appellate court the discretion to hold that a party's failure to file a Statement of the Matters Complained of operates as a waiver of objections to the order. As Judge SPAETH recognized, however, "the problem, . . . is to define the difference in circumstances that will determine whether we will exercise our discretion to find waiver, or to find no waiver. . . . [W]e must consider the impact on our ability to exercise appellate review." *Commonwealth v. Crowley,* 259 Pa. Superior Ct. 204, 211-12, 393 A.2d 789, 792 (1978).[1]

---

[1] One test formulated by Judge SPAETH is as follows:

If the failure by a defendant's counsel to comply with Pa. R.A.P. 1925(b) defeats effective appellate review of a given issue, then the failure should be considered a waiver of the issue. However, if the failure does not defeat, or even interfere with, the ability to exercise appellate review, then the failure should not be considered a waiver.

*Id.* at 212, 393 A.2d at 792.

We agree with Judge SPAETH that the circumstances of the individual case will determine whether or not we will exercise our discretion to find a waiver. And we also agree that the key factor to consider is the *impact* of the failure to comply with Pa. R.A.P. 1925(b) on our ability to exercise appellate review.

In the instant case, where the trial judge was admittedly uncertain as to which issues were being seriously advanced by counsel, he attempted to elicit a response "with some degree of specificity" from counsel. Pursuant to Pa. R.A.P. 1925(b), he ordered both parties to file a statement of matters complained of; however, in direct contravention of the Order, neither party responded.[2] In light of the very difficult time which the trial court had in second-guessing, and addressing all of the *possible* matters complained of on appeal by *both* parties, it is easy to understand the difficulty which we have experienced in attempting to exercise our appellate review in this case.

Inasmuch as Pa. R.A.P. 1925(b) explicitly gives an appellate court the *discretion* to make a determination as to waiver, we see no reason to strip ourselves of this discretion. To relinquish our discretion in cases where a party has failed to comply with Pa. R.A.P. 1925(b) will effectively emasculate the rule, and totally undercut the purpose for which it was formulated.

While we do not believe that a failure to comply with Pa. R.A.P. 1925(b) will automatically result in a waiver, given our discretion in this matter, we feel that the failure to comply, here, interferes with our ability to exercise effective appellate review, and thus operates as a waiver *in this case. Adams v. Walsh,*

---

[2] We note that such failure by counsel to assist the trial court has been characteristic here. Neither counsel provided the trial judge with a transcript of the proceedings before the Board of View or before the jury.

295 Pa. Superior Ct. 311, 441 A.2d 1248 (1982) ; *Matter of Harrison Square Inc.,* 470 Pa. 246, 368 A.2d 285 (1977).

Accordingly, we will dismiss both the appeal and the cross-appeal.

### ORDER

AND Now, this 18th day of March, 1983, the appeals in the above-captioned matter are hereby dismissed.