481 A.2d 681

**COMMONWEALTH of Pennsylvania**

v.

**Craig WARREN, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Sept. 7, 1984.

---

Mary Alice Duffy, Philadelphia, for appellant.

Richard W. Goldberg, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

PER CURIAM:

Appellant Craig Warren was charged with theft by unlawful taking or disposition and theft by receiving stolen property. Appellant waived his right to a trial by jury and was tried before the Honorable Nelson A. Diaz on June 4, 1982. Judge Diaz found appellant not guilty of theft by unlawful taking, but guilty of receiving stolen property. Appellant was sentenced to a term of 11½ to 23½ months imprisonment. The facts are as follows.

At some time during August 26, 1981, a Honda motorbike owned by Quinzell Adams was taken without Mr. Adams' permission from where Mr. Adams had left it, in front of a church at 25th and Montgomery Streets in Philadelphia. Mr. Adams promptly reported the theft to the police. Shortly after midnight (two days later) on August 28, 1981, as a result of information from a friend, Mr. Adams went to 22nd and Diamond Streets in Philadelphia, saw his motorbike, and went home and called the police. At approximately 1:20 a.m. that night, Philadelphia Police Officer George

Johnson drove Mr. Adams to 22nd and Diamond Streets in Philadelphia, where, from sixteen feet away, Mr. Adams saw his motorbike, and also saw appellant, whom he knew, sitting on it. Mr. Adams informed Officer Johnson, and the officer approached appellant and asked him if the motorbike was his. Appellant said that it was. Since Mr. Adams had already identified the bike, Officer Johnson arrested appellant and called for a police wagon in which to take appellant and the motorbike into the 22nd District headquarters of the Philadelphia Police Department. While waiting for the police vehicle, appellant volunteered that the motorbike was not his and gave a name for its true owner.

Mr. Adams had brought the certificate of title for the bike with him; he checked the serial number on the bike and ascertained that it matched the number on his certificate of title. Officer Johnson attempted to compare serial numbers but found that the number on the bike was covered with fresh blue paint. Inside police headquarters Officer Johnson was able to read the serial number and found that it matched the number given by Mr. Adams for his motorbike in the original theft report.

This appeal followed in which appellant raises the following questions:

I. Did the trial judge err in refusing to grant defendant's demurrer to the evidence (N.T. 77), the motion to dismiss (N.T. 77), and motion in arrest of judgment on the ground that the evidence was insufficient to sustain the charge of receiving stolen goods?

II. Was the defendant denied his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution where the trial judge permitted a police officer to testify at trial to a statement allegedly made by defendant when he had not been given his *Miranda* warnings, where the Commonwealth misled defense counsel in supplying discovery, advised her that defendant had not given any statement and where defense counsel directed defendant not to testify even though he wished to testify because she had no opportuni-

ty to review the facts with him as a result of the Commonwealth's actions.

Brief for Appellant at 1.

We find that appellant has waived the issues he now raises in that he failed to comply with Pennsylvania Rule of Appellate Procedure 1925(b) which provides:

(b) Direction to file statement of matters complained of. If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

*Commonwealth v. Lignos*, 294 Pa.Super. 210, 439 A.2d 824 (1982). In *Adams v. Walsh*, 295 Pa.Super. 311, 441 A.2d 1248 (1982), we said:

On July 29, 1980, the lower court (by Judge Pitt, who has since retired from the Bench), ordered the plaintiff to file a Statement of Matters Complained of, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b).

Appellant has admittedly not complied with said order of July 29, 1980. 'A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.' Pa.R.A.P. 1925(b).

Under these circumstances and on the basis of the record (or lack thereof) before us, effective appellate review is precluded. *Matter of Harrison Square Ins.*, 470 Pa. 246, 368 A.2d 285, 288 (1977).

Appeal dismissed.

*Id.*, 295 Pa.Superior Ct. at 312, 441 A.2d at 1248.

Appellant herein filed a notice of appeal from the judgment of sentence on December 15, 1982. On December 17, 1982 the lower court ordered appellant, through his counsel, to file a concise statement of the matters being complained

of on appeal. Appellant did not comply with this order, and on February 16, 1983, the lower court issued an opinion stating its uncertainty as to the precise grounds for the appeal.

No statement of matters complained of appears in the record before us which was filed with this court on February 23, 1983. We find it difficult to review the case adequately without a lower court opinion dealing with the issues and accordingly, will treat the failure to comply as a waiver. *Id.*, 294 Pa.Superior Ct. at 212, 439 A.2d at 825.[1]

Judgment of sentence affirmed.

**1.** Although we have determined this appeal on the basis of waiver, under Lignos, supra, we note that the two questions raised in appellant's brief and at oral argument are among those raised in appellant's motion in arrest of judgment and motion for a new trial. Our independent review of the record, briefs of counsel and our consideration of oral argument convince us that Judge Diaz properly denied the motion for a new trial and in arrest of judgment on any of the grounds asserted therein.