## Levitan v. Levitan

*Lynne Gold-Bickin*, for plaintiff.
*Arthur L. Jenkin Jr.*, for defendant.

LOWE, *J.*, June 11, 1987—This is an appeal from an order decreasing the amount of weekly child support payments from $130 to $85.50. The parties involved were divorced in 1982. Since that time the father, Michael Levitan, has paid child support for his two children, Eric and Cheryl, over whom he has joint custody. In September 1986, defendant applied for a reduction in child support which was granted March 19, 1987. The mother, Marjorie Levitan, appeals on several grounds.

The primary issue is whether a divorced father, who has been estranged from his daughter for five years, should be compelled to contibute to her college education expenses which could have been avoided if she had attended, without cost, the university with which her father was affiliated. This court has reviewed the extensive testimony presented by both parties and has determined that defendant Michael Levitan need not contribute to the tuition cost of his daughter's college education. This decision is predicated upon a set of very unique circumstances.

Michael Levitan, Cheryl's father, is a professor at Villanova University, thereby making Cheryl eligible for a tuition-free education at Villanova, or any one of 10 other Catholic institutions of higher learning in the Philadelphia area. Cheryl chose not to attend any of the tuition-free schools, and elected to

attend Syracuse University where she is required to pay full tuition. It is this fact which causes this court great concern.

In the absence of an agreement to pay for college, a court cannot automatically require a father to pay college tuition. *Forsythe v. Fortune,* 352 Pa. Super. 547, 508 A.2d 1205 (1986). This court is fully cognizant of the fact that an intelligent child, able and willing to pursue a college education, should not be denied the right to attend a college or university simply because the father, who is able to contribute to his/her support, without undue hardship, refuses to do so. *Commonwealth ex rel. Elaine Ulmer v. Sommerville,* 200 Pa. Super. 640, 190 A.2d 182 (1963). In the instant case, however, Cheryl has been fortunate enough to be presented with a choice of 11 such institutions in the greater Philadelphia metropolitan area from which to attend under the Undergraduate Scholarship Assistance Plan. All 11 would permit her to obtain a college education tuition-free due to the fact that her father is affiliated with Villanova University. It is not necessary to compare and contrast the programs offered by each of the 11 universities; it is sufficient to point out that many of the schools offer progams of study comparable to those at Syracuse University. For example, Villanova, the university at which defendant is employed, is a respected and nationally recognized university offering a wide variety of majors, including outstanding programs in computer science and communications, Cheryl's majors. The programs offered by Villanova and Syracuse universities are likewise comparable in terms of academic excellence. Clearly, Cheryl has not established that she would obtain an inferior education by attending one of the 11 participating colleges or universities.

The Superior Court of Pennsylvania analyzed a similar situation of a father's duty to support a child who was attending an expensive private college when a less expensive, comparable education could have been obtained at another institution. In *Commonweath v. Larsen,* 211 Pa. Super. 30, 234 A.2d 18 (1967), the court was reluctant to formulate a rule which would, in all cases, prevent a child from attending the college or university of his or her choice simply because it was more expensive than a comparable facility. However, the *Larsen* court refused to allow the child to have absolute discretion in selecting a college "thereby unilaterally increasing the father's support obligation." *Larsen,* supra, 211 Pa. Super. at 33, 234 A.2d at 20. While this court recognizes that a college-age child should be encouraged to pursue a major of his or her choice, we do not wish to encourage a policy whereby children may choose to attend a college in *complete* disregard of the parents' views, and then force the parents to finance their education. *Heller v. Close,* 69 Del. 442 (1982). It is the opinion of this court that Michael Levitan should not be required to finance his daughter Cheryl's education due to the extenuating circumstances in this case.

Plaintiff next contends that this court incorrectly considered the estrangement of the father and daughter in determining the support order. The court in *Commonwealth v. Taylor,* 7 Adams L.J. 64 (1965) discusses the effect of estrangement at length concluding that it is not controlling when determining support for a child. Further, my learned brother, the Honorable William T. Nicholas recently affirmed the *Taylor* decision in *Milne v. Milne,* 118 Montg. Co. L.R. 280 (1987), on the basis that it would be fruitless to try to determine each party's responsibility for the estrangement between them.

In *Milne*, a mother maintained that she should not be required to contribute support toward the cost of her estranged son's college education. In a well reasoned opinion by Judge Nicholas, this court held that estrangement should not be considered in determining the duty to contribute toward a child's educational expenses. The undersigned fully agrees with the holding in *Milne*, but must point out that estrangement is not the focus of this court's concern in the instant controversy. .Here, the issue is whether a parent should be forced to pay for an education where a comparable education could have been obtained free.

It is unfortunate that there has developed a complete breakdown in communication between Cheryl and her father. It is appalling that despite his efforts to communicate with her, Cheryl would think so little of her father as to exclude him from so vital a decision. Nevertheless, this court, as it is obliged to do, has set aside the issue of estrangement, because of the prevailing case law prohibiting courts from considering the relationship between a parent and child in determining support for educational expenses.

Lastly, appellant raises two objections in her concise statement regarding the calculation of her income and that of her ex-husband, Michael Levitan. However, appellant has failed to state the manner in which this court may have incorrectly calculated the parties' incomes. This court finds it extremely difficult, if not impossible, to address the issue of improper calculation of income. Unless a party informs a trial court of its complaints the trial court will not know what issues it should address. *Diversified Microwave Applications v. Dynatronics Industries Inc.*, 325 Pa. Super. 605, 473 A.2d 675 (1984); *Commonwealth v. Mathis*, 317 Pa. Super. 362, 464 A.2d 362 (1983); *Commonwealth v.*

*Lignos*, 294 Pa. Super. 210, 439 A.2d 824 (1982). It is not the province of the court to assume or to speculate as to what issue appellant may have wished to raise.

Accordingly, this court finds that in this day of rapidly escalating tuition costs, Michael Levitan should not be compelled to contribute to the cost of his daughter's education where a tuition-free, comparable education could have been obtained without financial burden. In view of the extenuating facts presented, this court believes it has arrived at a fair and logical conclusion. Accordingly, the order of this court should not be disturbed on appeal.