535 A.2d 207

Richard P. RYAN

v.

Bertrand J. JOHNSON and Susan L. Johnson, H/W and Bertrand J. Johnson and Susan L. Johnson, T/A West End Styles

**Appeal of Susan Lewis JOHNSON.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Decided Nov. 30, 1987.

Reargument Denied Jan. 20, 1988.

Samuel A. Litzenberger, Quakertown, for appellant.

Harold D. Borek, Norristown, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an Order of the Montgomery County Court of Common Pleas which denied appellant's Petition to Strike/Open Judgment. Appellant and her husband signed an installment note on June 1, 1981 in the amount of $20,000. Upon appellants' failure to tender their annual installment payment of $3,600 by July 30, 1983,[1] appellee exercised his option under the contract to declare the entire balance of the note due. When the note remained in default, appellee filed a complaint seeking a confession of judgment pursuant to the following provision of the note:

*On non-payment of any installment when due, all remaining installments shall at the option of the holder become immediately due and payable.* We agree to pay if this note is placed in the hands of an attorney for

---

1. The installment note was executed by both Bertrand J. Johnson and Susan L. Johnson. This appeal, however, is taken only by Susan L. Johnson even though both appellant and her husband defaulted.

collection, a reasonable attorney's fee of five percent (5%) of the amount due and owing on the defaulted note. And to secure the payment of said amount, we hereby authorize, irrevocably, the Prothonotary, Clerk of Court, or any Attorney of any Court, in term time, or vacation, at any time before or after maturity and *confess a judgment without process in favor of any holder of this note*, with or without the filing of an Averment of Declaration of Default, for such amount as may appear to be unpaid thereon, together with charges, costs and Attorney's fees.... [Emphasis added].

Judgment was thereafter confessed and entered on October 14, 1983. Upon denial of her Petition to Open/Strike Judgment, appellant filed a timely notice of appeal on December 12, 1986. The lower court ordered and directed appellant to file a Concise Statement of Matters Complained Of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which provides:

(b) Direction to file statement of matters complained of. If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file a record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Pa.R.A.P., Rule 1925(b), 42 Pa.C. S.A.

Appellant responded with a vague and cryptic statement:

Appellant, Susan Lewis–Johnson, intends to complain on appeal of all issues raised either at oral argument or in the pleadings. Appellant cannot be more specific without an opinion of the Court addressing those issues, and reserves the right to file additional reasons after receiving the opinion of the Court. Appellant has no knowledge of the basis for the Order of Court until review of the Opinion in support thereof.

■ The lower court found this statement to be "neither clear nor concise" and therefore "extremely difficult, if not impossible, to address [appellant's] 1925(b) Statement." We agree. The purpose of Rule 1925(b) is to provide the appellate court with the lower court's reasoning so that unless appellant informs the lower court of her complaints, the lower court will not be aware of the issues which must be addressed in its memorandum opinion. *See Commonwealth v. Mathis*, 317 Pa.Super. 362, 464 A.2d 362 (1983).

■ In *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982), the Pennsylvania Supreme Court discussed the effect of failure to comply with Rule 1925(b):

The statement provided for [in Rule 1925(b)] is clearly intended to aid the trial court in the preparation of an opinion where the basis of an appeal is unclear after post-verdict motions have been disposed of. The waiver provision of the Rule is properly invoked only where failure to file a statement or omission from a statement of issues raised on appeal *defeats effective appellate review*. Mere omission from the statement ... of an issue preserved by post-verdict motion, argued before and briefed on appeal, does not, in itself, defeat effective review of that issue.[2]

*Id.*, 499 Pa. at 238, 452 A.2d at 1333 (emphasis added). We stated in *Commonwealth v. Crowley*, 259 Pa.Super. 204, 393 A.2d 789 (1978), that in order to exercise our discretion to find waiver for failure to comply with Rule 1925(b), "we must consider the impact on our ability to exercise appellate review." *Id.*, 259 Pa.Superior Ct. at 211–12, 393 A.2d at 792. *See also Barrick v. Fox*, 73 Pa.Commw. 6, 457 A.2d 208 (1983).

■ In the case at bar, the trial court found it impossible to address appellant's ambiguous statement or even "to speculate as to what [appellant's] contentions will be on appeal." The court added that appellant's "evasive technique leaves this Court unsure as to which, if any, issues it

2. We note that there is no need to file post-trial motions after a petition to open or strike a confessed judgment has been denied.

should address" and therefore was "unable to ascertain the basis for the instant appeal." Although appellant later filed a supplemental statement specifying her objections to the order in question, she did so only after the lower court filed an opinion urging dismissal of the appeal for noncompliance with Rule 1925(b). We are therefore left to review the issues which appellant has briefed totally without the benefit of the lower court's discussion and rationale for its order. This necessarily has a serious impact on our ability to exercise effective review for we are unable to discern whether the trial court erred in its application of the pertinent law or whether its refusal to open or strike the confessed judgment constituted an abuse of discretion.

Accordingly, we elect to employ our discretion under Rule 1925(b) and find that appellant's noncompliance acts "as a waiver of all objections to the order ... complained of" because such noncompliance materially interferes with our ability to exercise effective appellate review. Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Moreover, "[t]o relinquish our discretion in cases where a party has failed to comply with Pa.R.A.P. 1925(b) will effectively emasculate the rule, and totally undercut the purpose for which it was formulated." *Barrick*, 73 Pa.Commw. at 9, 457 A.2d at 209. Appeal dismissed. Jurisdiction relinquished.