547 A.2d 1257

**COMMONWEALTH of Pennsylvania**

v.

**Daniel W. ATWOOD, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 1988.

Filed Sept. 23, 1988.

Petition for Allowance of Appeal Denied March 14, 1989.

Alonzo Burney, McKeesport, for appellant.

Paul E. Von Geis, Pittsburgh, for Com., appellee.

Before TAMILIA, POPOVICH and HOFFMAN, JJ.

PER CURIAM:

Throughout the early 1980's, appellant held himself out to the public as a minister of the Gospel by conducting revival meetings and evangelistic services. After the services, however, appellant would meet privately with certain individuals requesting money and/or jewelry from them to support his ministry in one way or another. The request for money was most always accompanied with a promise to repay, resulting in numerous individuals or couples lending him money which was never repaid. Appellant now claims

in several instances these loans were actually gifts to him or his ministry.

On July 29, 1987, following a lengthy jury trial, appellant was convicted on six counts of theft by deception, one count of theft by failure to make required disposition of funds received, three counts of perjury and one count of false swearing. On January 8, 1988, appellant was sentenced to nine to eighteen months incarceration on each count of theft by deception, two years probation for theft by failure to make required disposition of funds received, one and one-half to three years for each count of perjury and two years probation for false swearing, all sentences to run consecutively for an aggregate period of incarceration of nine to eighteen years followed by four years of probation. Appellant filed a petition for modification/reduction of sentence, which was granted, thereby reducing his aggregate period of incarceration to six to eighteen years.

Appellant filed a notice of appeal on February 4, 1988 and the trial court, on February 10, 1988, ordered appellant to file a concise statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant never complied so the trial court filed its memorandum Opinion on March 15, 1988 stating it could not begin to speculate what appellant's issues may be. Therefore, we are left without the benefit of the trial court's Opinion regarding appellant's numerous issues.

Nineteen issues have been raised on appeal as follows:

I. Whether the trial court erred in the denial of Appellant's Motion to Sever Charges.

II. Whether the trial court erred in part in the denial of Appellant's Petition for Discovery Pursuant to Rule 305, Pennsylvania Rules of Criminal Procedure.

III. Whether the trial court erred in part in the denial of Appellant's Motion to Quash Information with respect to counts 14, 15, 16, and 17.

IV. Whether the trial court erred in the denial of appellant's proposed voir dire questions.

V. Whether the trial court erred in the denial of Appellant's numerous objections to the "lifestyle" evidence included testimony related to: a) C.J. Frank; b) Appellant's alleged adulterous acts; and c) Appellant's dog track visitations.

VI. Whether the trial court erred in the denial of Appellant's objection to the Commonwealth's opening statements and subsequent testimony related thereto as to the specific areas: a) alleged bad checks issued to Jay Altland; b) C.J. Frank as a "kept" woman; c) the existence of C.J. Frank at the time Appellant was married with children; and d) subsequent consequences to alleged victims of Appellant's lack of repayment of alleged loans.

VII. Whether the trial court erred in the denial of Appellant's objection to the testimony involving the alleged misuse of a credit card in Ohio in 1981 adduced through the testimony of Elaine Surma and Josephine Sorozak.

VIII. Whether the trial court erred in the denial of Appellant's objection to testimony involving an alleged offer of a Florida vacation by Appellant to Janice Lilac.

IX. Whether the trial court erred in the denial of Appellant's objection to the testimony of Jay Altland of the following matters: a) Appellant's relationship to C.J. Frank; b) dinner at Club LeCont; c) Tennessee football tickets.

X. Whether the trial court erred in the denial of Appellant's objection to the entire testimony of Patricia Bork.

XI. Whether the trial court erred in the denial of Appellant's objection to the testimony of Carole Sherwood relating to the consequences of Appellant's failure to timely repay the loan in question.

XII.   Whether the trial court erred in the denial of Appellant's objection to the testimony of Laura Nickel relating to the consequences of her loan to the Appellant.

XIII.  Whether the trial court erred in the denial of appellant's objections to the testimony of Sharon Toomey relating to Appellant's alleged statements related to Jay Altland.

XIV.   Whether the trial court erred in the denial of Appellant's objections to the testimony of Gene Kinnett in the following particulars: a) alleged death threat statement made by Appellant relating to Jay Altland; b) evidence as to Appellant's relationship with C.J. Frank and Appellant's gambling habits; and c) alleged statements of Janice Lilac relating to Appellant's lack of credit.

XV.    Whether the trial court erred in the denial of Appellant's objections to the testimony of Arnold Repaise in the following particulars: a) testimony of statement by Appellant in reference to money's [sic] allegedly borrowed from Josephine Sorozak; and b) testimony relating to Appellant's relationship with C.J. Frank and Appellant's dog track visitations.

XVI.   Whether or not it is harmless error when the improper admission of evidence has an accumulating prejudicial effect without the requisite degree of probity so as to deny Appellant a fair trial and have a jury render its verdict based on collateral matters and a rejection of a lifestyle rather than a conviction for specific allegations.

XVII.  Whether the trial court erred in refusing to allow the testimony offered by Appellant from witnesses, James Whittington, Raymond Whittington, and James Loudermilk as to matters essential to the prosecution of the defense which

prevented Appellant from fully being able to defend the charges.

XVIII. Whether the evidence was sufficient to sustain convictions on counts 1, 3, 5, 6, 7, 8, 9, 10, 12, 15 and 16, beyond a reasonable doubt in that the Commonwealth failed to establish beyond a reasonable doubt, all the requisite elements of the offenses charges [sic].

XIX. Whether trial counsel for the Appellant was ineffective in that trial counsel made errors in judgment and said errors prejudiced the outcome of the case.

■ Counsel for appellant either totally disregarded the rules of appellate procedure or demonstrates a lack of knowledge of them. First, appellant's brief's Table of Contents is missing the page numbers which should refer us to the various parts of the brief. Although the rules do not specify that reference page numbers are required, it goes without saying the table of contents is quite ineffective without them. The statement of questions involved is over two pages long, in flagrant violation of Rule 2116(a) which states:

(a) **General Rule.** The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, *must never exceed one page,* and must always be on a separate page, without any other matter appearing thereon. *This rule is to be considered in the highest degree mandatory, admitting of no exception....* (Emphasis added.)

The statement of the case is nineteen pages long despite Rule 2117(a)(4) which requires this section be in "closely condensed" form. Appellant's brief barely meets the requirement of Rule 2135 that the brief be no longer than 50 pages; however, this Court had to count the pages since they are not numbered as required by Rule 2173. Further, appellant does not include a summary of argument as

required by Rule 2111(a) in accordance with Rule 2118 (doing so would have caused the brief to exceed 50 pages).

■ The most grievous violation is appellant's failure to file a statement of matters complained of as ordered by the trial court pursuant to Rule 1925(b) which states as follows:

> **(b) Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

On this basis we are constrained to dismiss appellant's appeal because we cannot effectively review appellant's issues without the trial court Opinion. In *Ryan v. Johnson,* 369 Pa.Super. 377, 535 A.2d 207 (1987), we dismissed an appeal where appellant's statement of matters complained of was "vague and cryptic."

> The purpose of Rule 1925(b) is to provide the appellate court with the lower court's reasoning so that unless appellant informs the lower court of her complaints, the lower court will not be aware of the issues which must be addressed in its memorandum opinion.

*Id.,* 369 Pa.Superior Ct. at 380, 535 A.2d at 208.

Since the trial court in *Ryan* was not adequately informed of the complaints being made on appeal, it could not render an explanatory opinion on which our Court could rely to decide the issues.

> We are therefore left to review the issues which appellant has briefed totally without the benefit of the lower court's discussion and rationale for its order. This necessarily has a serious impact on our ability to exercise effective review for we are unable to discern whether the trial court erred in its application of the pertinent law or whether its refusal to open or strike the confessed judgment constituted an abuse of discretion.

*Id.*, 369 Pa.Superior Ct. at 381, 535 A.2d at 209. We elected to treat appellant's noncompliance with Rule 1925(b) " 'as a waiver of all objections to the order ... complained of' because such noncompliance materially interferes with our ability to exercise effective appellate review." *Id.*

In contrast to *Ryan*, appellant has not even bothered to file a Rule 1925(b) statement, choosing to ignore the trial court's Order. We can find nothing in the record to indicate why appellant failed to comply, therefore, we exercise our discretion and find appellant has waived all objections he makes "to the order, ruling or other matter complained of." Pa.R.A.P. 1925(b).

As stated in *Ryan*, "[t]o relinquish our discretion in cases where a party has failed to comply with Pa.R.A.P. 1925(b) will effectively emasculate the rule, and totally undercut the purpose for which it was formulated." *Id.*, quoting *Barrick v. Fox*, 73 Pa.Commw. 6, 9, 457 A.2d 208, 209 (1983). Had such a statement of matters complained of been filed and the trial court given an opportunity to address them, it is quite likely appellant would have abandoned at least some of his issues as being adequately addressed by the trial court. In addition, it would have provided an opportunity for the arguments to be focused with adequate references to the record and bolstering citations of law. This was an extensive trial, beginning with pretrial arguments on June 5, 1987 and ending with the verdicts on July 29, 1987, resulting in 17 volumes of recorded testimony. To ask this Court to do the exhaustive review of that record on the unstructured brief supplied by the appellant, with no assistance from the trial judge who sat throughout the proceeding, makes a mockery of appellate review. Our system of appellate review provides an effective expeditious means for fair examination of the issues and resolution of them. It depends, however, on counsel and the trial court adhering to the Rules of Appellate Procedure if the system is not to be paralyzed. While it appears there may be issues of arguable merit to be

considered on appeal, we are unable to reach them because of failure to present them properly.

Appeal dismissed.

Jurisdiction relinquished.