563 A.2d 1268

William F. CONFORTI and Sue Ann Conforti, His Wife, Appellants,

v.

Richard N. McGARVEY, Walter N. Wilson, and William F. Sweeney, as Individuals and as Partners Trading as McGarvey, Wilson and Sweeney, and Forbes Health System, a/k/a Forbes Hospital System, a/k/a East Suburban Health Center, a Non–Profit Corporation, Appellees.

Superior Court of Pennsylvania.

Argued April 13, 1989.

Filed Sept. 13, 1989.

Edward J. Osterman, Pittsburgh, for appellants.

Robert W. Murdoch, Pittsburgh, for Forbes Health System, appellee.

John W. Jordan, IV, Pittsburgh, for McGarvey, Wilson and Sweeney, appellees.

Before ROWLEY, BECK and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an Order entered by the trial court granting defense Motions for Summary Judgment. The action was instituted by Plaintiff–Appellants William F. and Sue Ann Conforti against the Defendant–Appellee physicians and hospital after a stillborn child was delivered by the Appellant wife. In their Complaint and Amended Complaint, both Plaintiffs sought to recover damages for alleged negligent infliction of emotional distress and the loss of consortium of the child. Further the Plaintiff wife sought to recover for pain and suffering, and the husband claimed a right to recover for loss of his wife's consortium. The Appellants offer five arguments in support of their claim that the trial court erred in granting summary judgment. After a review of the record, we find that the Appellants have waived all such contentions.

The record shows that after the Plaintiffs filed their Amended Complaint, the Defendants were compelled to

seek the assistance of the trial court to require the Plaintiffs to properly respond to discovery efforts. A court order mandated that the Plaintiffs appear for depositions. After the depositions were taken, the Defendants all filed Motions for Summary Judgment. The Plaintiffs failed to file any brief in opposition to the Motions, and did not appear at the oral argument on the Motions which was scheduled by the trial court.

After the trial court granted summary judgment, the Plaintiffs instituted the instant appeal. They also submitted a Motion for Reconsideration in the trial court, which was denied. The trial court thereafter entered an Order, pursuant to Pa.R.A.P. 1925(b), requiring the Plaintiffs to file a concise statement of the matters complained of on their appeal.[1] The Plaintiffs ignored this Order and never filed such a statement. Thereafter, the Plaintiffs failed to adhere to the briefing schedule of this Court, and their appeal was dismissed. They filed a Motion for Reconsideration with our Court, and their appeal was reinstated.

■ The application of Pa.R.A.P. 1925(b) sanctions, to consider that an appellant has waived arguments because of a failure to properly respond to an Order of the trial court to file a statement of matters complained of on appeal, is clearly discretionary. *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982). In the exercise of this discretion, we must act with great care, and examine the failure to comply with Rule 1925 in the context of the entire case. *Commonwealth v. Johnson*, 309 Pa.Super. 367, 455 A.2d 654 (1982). The inquiry is equitable in nature. *Id.* An essential question in such situations is whether the failure

---

1. Rule 1925(b) provides:
   (b) *Direction to file statement of matters complained of.* The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

to file the statement, or the omission of an issue from a statement, defeats effective appellate review. *Commonwealth v. Silver, supra.*

█ Consideration of all of these factors convinces us that it is appropriate to find such a waiver in this case. The Appellants' conduct does not justify excusing the default on any equitable ground. Moreover, we are convinced that their failure to file a Rule 1925(b) statement has made effective appellate review impossible.

The record demonstrates that the Appellants have repeatedly ignored the rules applicable to them as litigants. They scorned their responsibility to respond to reasonable discovery requests until the trial court ordered them to do so. When the Motions for Summary Judgment were submitted by the Appellees, the Appellants neither filed opposing briefs nor appeared for oral argument, which deprived the trial court of information regarding the basis for their opposition to such motions. Not only was the trial court's subsequent Rule 1925(b) Order ignored, but the Appellants also failed to comply with the applicable briefing schedule of this Court. This record does not support a conclusion that the Appellants deserve relief on any equitable basis.

Further, it is clear that effective appellate review has been handicapped by the Appellants' conduct. Because they submitted no arguments to the trial court in opposition to the Motions for Summary Judgment, by brief or in oral argument, the trial court and our Court can only guess what the contentions of the Appellants may have been on the issues presented. It is evident that none of the contentions raised by the Appellants in support of their appeal were ever addressed to the trial court. See *Matter of Harrison Square, Inc.*, 470 Pa. 246, 368 A.2d 285 (1977); *Cucchi v. Rollins Protective Services Company*, 377 Pa. Super. 9, 546 A.2d 1131 (1988). It is well-established that our Court may not properly consider a contention, theory, or position which differs from that raised by the party before the trial court. *Morgan v. Sbarbaro*, 307 Pa.Super. 308, 453 A.2d 598 (1982). The Appellants' failure to comply with the trial court's Rule 1925(b) directive, in this setting,

234

prevents our Court from ascertaining the grounds for the Appellants' opposition at the trial court level to the defense requests for summary judgment. It also gave the trial court no basis for knowledge of the specific issues which it should have addressed in its Opinion. Effective review is obviously frustrated. Accordingly, it is clear that the failure of the Appellants to comply with Rule 1925 requires us to hold that there has been a waiver of all objections to the trial court's Order.

The Order of the trial court is affirmed.