# Commonwealth v. Bachman

C.P. of Delaware County, nos. 5821-06 and 7513-06.

*Frank Annunziato,* for Commonwealth.
*Josh Bachman,* pro se.

DOZOR, *J.,* June 11, 2010—

## NATURE AND HISTORY OF THE CASE

This is an appeal following the March 11, 2010, denial of the petition for time credit for imprisonment while in custody prior to sentence.

As to transcript 7513-06, on January 8, 2007, appellant entered into a negotiated guilty plea to Information A, theft by unlawful taking[1] and Information B, criminal conspiracy to theft by unlawful taking.[2] Appellant was sentenced on Information A, to time served of 17 days to 12 months in a county facility and Information B, to one-year consecutive county probation. Appellant was required to complete 56 hours of community service, pay restitution in the amount of $367.99 and have no contact with the victim.

As to transcript 5821-06, on January 8, 2007, appellant entered into a negotiated guilty plea wherein he was sentenced as follows, Information B, possession of drug paraphernalia.[3] Appellant was sentenced to one-year county probation, a $100 cost assessment per the Substance Abuse Demand and Reduction Act and 96 hours of community service. This sentence was to run consecutive to the sentence imposed on transcript 7513-06.

---

1. 18 Pa.C.S. §3921.
2. 18 Pa.C.S. §903; 18 Pa.C.S.§3921.
3. 35 P.S. §780-113(a)(32).

On June 6, 2007, at the request of appellant's probation officer, The Honorable Kenneth A. Clouse issued bench warrants for violations of his probation/parole because appellant failed to report as directed, failed to refrain from use, possession or distribution of controlled substances and failed to complete special conditions of his probation/parole. Appellant's probation officer requested a *Gagnon I* hearing and as such the bench warrants were rescinded. Appellant's *Gagnon I* hearing was held on September 7, 2007, and Master Parker recommended appellant have a *Gagnon II* hearing.

On September 14, 2007, a *Gagnon II* hearing was held before The Honorable Joseph P. Cronin Jr. on both transcripts. Appellant was found in violation of his probation/parole and was re-sentenced as follows:

• Transcript 7513-06, Information A, theft by unlawful taking,[4] full back time of 263 days and Information B, criminal conspiracy to theft by unlawful taking,[5] one-year consecutive county probation. Appellant was granted immediate parole upon completion of PREP program and to enroll in and complete an after-care program.

• As to transcript 5821-06, Information B, possession of drug paraphernalia,[6] one-year county probation, to run consecutive to the sentence imposed on transcript 7513-06.

On November 29, 2007, at the request of appellant's probation officer, The Honorable Kenneth A. Clouse

---

4. 18 Pa.C.S. §3921.

5. 18 Pa.C.S. § 903; 18 Pa.C.S. §3921.

6. 35 P.S. §780-113(a)(32).

issued bench warrants for violations of his probation/ parole because appellant once again failed to report as directed, failed to refrain from use, possession or distribution of controlled substances and failed to complete special conditions of his probation/parole. Appellant's probation officer requested a *Gagnon II* hearing, which was scheduled for January 29, 2008. On January 29, 2008, The Honorable Kevin F. Kelly held the *Gagnon II* hearing and found appellant in violation of his probation/ parole sentence and as such re-sentenced appellant as follows:

• Transcript 7513-06, Information A, theft by unlawful taking,[7] full back time of 156 days and Information B, criminal conspiracy to theft by unlawful taking,[8] one-year consecutive county probation. Appellant was granted immediate parole upon completion of PREP II and credit for 204 days.

• As to transcript 5821-06, Information B, possession of drug paraphernalia,[9] one-year county probation, to run consecutive to the sentence imposed on transcript 7513-06 and credit for 204 days. Appellant was to report to adult probation and parole within 24 hours of release from prison, complete all community service hours and comply with any aftercare recommendations.

On December 23, 2008, at the request of appellant's probation officer, The Honorable Ann Osborne issued

---

7. 18 Pa.C.S. §3921.
8. 18 Pa.C.S. §903; 18 Pa.C.S. § 3921.
9. 35 P.S. §780-113(a)(32).

bench warrants for violations of his probation/parole because appellant violated the laws of the Commonwealth and was arrested on August 27, 2008, for burglary, access device fraud and theft by unlawful taking. Appellant's probation officer requested a *Gagnon II* hearing, which was scheduled for April 27, 2009.

On April 27, 2009, appellant had a *Gagnon II* hearing before this court, wherein appellant was found in violation of his probation and parole and sentenced as follows:

• Transcript 7513-06, Information B, criminal conspiracy to theft by unlawful taking,[10] six months to 12 months. Appellant was to comply with all previous conditions, a parole plan was to be in place for drug and alcohol rehab.

• As to transcript 5821-06, Information B, possession of drug paraphernalia,[11] six months to 12 months. Appellant was to comply with all previous conditions, a parole plan was to be in place for drug and alcohol rehab.

Appellant was fully advised of his post-sentence and appeal rights at the *Gagnon II* hearing. Appellant did not file any timely post-sentence motions; rather, appellant filed motion for credit for time served on January 7, 2010.

Thereafter, on April 12, 2010 this court received the notices of appeal on both transcripts and this court issued

10. 18 Pa.C.S.§903; 18 Pa.C.S. §3921.
11. 35 P.S. §780-113(a)(32).

a Pa.R.A.P. 1925(b)(2) request, for a concise statement within 21 days.

As of the date of this opinion, this court has yet to receive the concise statement of matters complained of on appeal. Furthermore, this court has not received a timely request for a continuance to file the concise statement of matters complained of on appeal. This court determines under the case law discussed below, the Superior Court must determine that appellant has failed to timely file a concise statement of matters complained of on appeal, appellant has also failed to timely request an extension of time in which to file the concise statement of matters complained of on appeal; therefore, the appellant has waived his right to raise any issues on appeal.

## DISCUSSION

On April 14, 2010, this court, pursuant to Pa.R.A.P. 1925(b) sent an order, via certified mail return receipt requested, directing appellant to file a concise statement of matters complained of on appeal within 21 days. On April 16, 2010, someone at SCI Somerset signed and returned the receipt to this court.

Rule 1925 reads as follows:

*"(b)(2) Time for filing and service.* The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the statement. Upon . . . good cause shown, the judge may enlarge the time period initially specified or permit

an amended or supplemental statement be filed. In extraordinary circumstances, the judge may allow for the filing of a statement or amended or supplemental statement nunc pro tunc."

As of the date of this opinion, appellant has not responded to the court's order. Furthermore, appellant has not requested an extension of the 21 days to file a concise statement. This court considers appellant's failure to file the required statement as a waiver of all issues, since this failure "prevents meaningful appellate review." *Conforti v. McGarvey,* 387 Pa. Super. 230, 563 A.2d 1268 (1989). In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925: "[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.,* 553 Pa. at 420, 719 A.2d at 309. Thus, waiver under Rule 1925 is automatic. *Commonwealth v. Butler,* 571 Pa. 441, 445, 812 A.2d 631, 633 (2002).

## CONCLUSION

For all of the foregoing reasons, the trial court's judgment of sentence and denial of the motion for credit for time served should be affirmed.