**Commonwealth v. Cephas**

C.P. of Delaware County, no. 3668-09 & 4665-09.

*Katayoun Copeland*, for Commonwealth.
*Darren Cephas*, pro se.

DOZOR, *J.*, December 2, 2010—

## NATURE AND HISTORY OF THE CASE

This is a direct appeal from the judgment of sentence entered into on August 24, 2010. The nature and history of the case is as follows:

This court notes that appellant filed and litigated numerous counseled and pro se pre-trial motions, including but not limited to motions to suppress and numerous rule 600 motions. This court notes that appellant also filed and litigated interlocutory appeals, which were all ultimately dismissed by the Superior Court. Additionally, during the time this court was assigned appellant's cases, appellant continually sent this court pro se letters, petitions and motions, despite being continually represented by counsel.

On August 24, 2010, appellant entered into a negotiated nolo contendere plea on both of the above captioned cases. On transcript 4665-09, appellant entered a nolo contendere plea to information A, possession of a controlled substance with intent to deliver (one consolidated count)[1]. On transcript 3668-06, appellant entered a negotiated nolo contendere plea to information A, possession of a controlled substance with intent to deliver (one consolidated count)[2]. Appellant waived his right to a pre sentence report and was immediately sentenced by this court as follows: on transcript 4665-09, appellant entered a negotiated nolo contendere plea to information A, possession of a controlled substance

---

1. 35 P.S. § 780-113(a)(32).
2. 35 P.S. § 780-113(a)(32).

with intent to deliver (one consolidated count)[3]; five to ten years in a state correctional institution, concurrent to all Federal Sentences; on transcript 3668-06, appellant entered a negotiated nolo contendere plea to information A, possession of a controlled substance with intent to deliver (one consolidated count)[4], five to ten years in a state correctional institution, concurrent to all federal sentences and concurrent to the sentence on transcript 4665-09. Both sentences are non mandatory sentences. Appellant was deemed not RRRI eligible and must submit to DNA testing. Appellant was also to forfeit one thousand three hundred and seven dollars and one cellular telephone. On transcript 4665-09, appellant received credit for time served from April 23, 2008 to August 24, 2010 and on transcript 3668-06, appellant received credit from January 25, 2006 to January 27, 2006 and September 7, 2007 to August 24, 2010.

On September 21, 2010[5], appellant filed a timely pro se notice of appeal. This court sent to appellant a request for a concise statement of matters complained of on appeal. This court notes that appellant's pro se appeal informed this court that appellant was still in George C. Hill Correctional Facility and as such this court sent the September 28, 2010, request for a concise statement to the George C. Hill Correctional Facility via certified mail. On September 30, 2010, personnel at the George C. Hill Correctional Facility signed and returned the certified

3. 35 P.S. § 780-113(a)(32).

4. 35 P.S. § 780-113(a)(32).

5. This court notes that on September 28, 2010, this court denied appellant's September 21, 2010, request for an extension of time to file an appeal, pending the outcome of the interlocutory appeals which were pending before the Superior Court at the time. This court notes that those interlocutory appeals were denied on October 18, 2010.

receipt which indicated that as of September 30, 2010 appellant was still housed there and had in fact received this court's request.

In an abundance of caution, this court also sent appellant the concise statement request to the federal detention center. This court also sent this request via certified mail and this court received the return receipt confirmation that personnel at the federal detention center received the letter on October 6, 2010.

This court notes that in speaking with personnel at the George C. Hill Correctional Facility, appellant was transported from the facility by U.S. Marshals to the federal detention center on September 30, 2010.

Again, in an abundance of caution, this court requested on October 21, 2010, that a member of the Public Defender's Office of Delaware County communicate with appellant regarding the pending appeal. This court made such request because at the time of his nolo contendere plea, appellant was represented by a public defender. On October 29, 2010, this court received a letter from the appeals unit of the office of the public defender who informed this court that they were attempting to locate appellant to ascertain whether or not he wished to be represented. On November 9, 2010, a member of the appeals unit of the office of the public defender filed a statement that he had not been in communication with appellant and was therefore unable to comply with this court's October 21, 2010 order. On November 12, 2010, the same public defender informed this court that he had located appellant but had not determined if appellant wished to be represented.

As of the date of this opinion, this court has not heard

from appellant as to the issues he wishes to raise on appeal, despite the fact that this court received receipts that appellant received the initial request to provide this court with a concise statement of matters complained of on appeal.

In compliance with Pa.R.A.P. 1925, this court properly requested that appellant provide this court with a concise statement of matters complained of on appeal within twenty one (21) days. This rule reads as follows:

> (b)(2) Time for filing and service. - The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental statement nunc pro tunc.

As of the date of this opinion, appellant has not responded to the court's order. This court considers appellant's failure to file the required statement as a waiver of all issues, since this failure "prevents meaningful appellate review." *Conforti v. McGarvey*, 563 A.2d 1268 (Pa/ Super. 1989). The appellate courts are adamant that the failure to file a concise statement of matters complained of on appeal or a request for an extension of time within the 21-day time limit set forth in rule 1925(b)(2) will result in waiver of all issues not raised by that date. *Commonwealth v. Gravely*, 601 Pa. 68, 73, 82, 970 A.2d 1137,1140, 1145 (2009); *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d

306 (1998). Thus, waiver under rule 1925 is automatic. *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Butler*, 812 A.2d 631, 633 (pa. Super. 2002).

This court, following the determination of the Supreme Court in *Lord*, which was reiterated most recently by the Supreme Court in *Gravely*, asserts that any issues not raised in a timely 1925(b) statement should be deemed waived, since waiver is automatic and since appellant has not complied with the September 28, 2010, order and thus, any issues raised on appeal are waived. See *Lord*, 719 A.2d at 309; *Butler*, 812 A.2d at 633; *Gravely*, 970 A.2d at 1140.

However, out of an abundance of caution, this opinion will address the only possible issue, which the court believes appellant could have raised on appeal. That issue is as follows: Did appellant enter a knowing, voluntary, and intelligent guilty plea to the offense charged?

This court has determined that appellant entered a knowing, voluntary, and intelligent nolo contendere plea to each offense charged, as was evidenced by the completion of the plea statement and the complete plea colloquy, which occurred on the record. A nolo contendere plea will be considered knowing, voluntary, and intelligent if, at a minimum, the court inquires about six subjects concerning the defendant's plea. *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997)). These six areas are listed in the comment to Pa.R.Crim.P. 319, and include the following:

1. Does the defendant know and understand the nature of the charges to which he or she is pleading guilty or

nolo contendere?

2. Is there a factual basis for the plea?

3. Does the defendant understand that he or she has the right to trial by jury?

4. Does the defendant understand that he or she is presumed innocent until found guilty?

5. Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

6. Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? *Id.*

The court, appellant's trial counsel and appellant all entered into an extensive nolo contendere plea colloquy before the plea was entered as to all charges to which appellant pled nolo contendere. In addition, appellant indicated to the court during the colloquy that he read and understood all statements which he placed initials next to on the plea statement, and notice of post sentence rights. The colloquy, together with the plea statement, as well at the notice of post-sentence rights covered all six areas listed above from Pa.R.Crim.P. 319. Therefore, appellant's plea was knowing, voluntary and intelligent, and the only issue the court sees appellant could raise on appeal, is therefore, without merit.

## CONCLUSION

For all of the foregoing reasons, the trial court's judgment of sentence should be affirmed.